NUMBER
13-04-398-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

DAVID DELOSANTOS A/K/A 

DAVID
DE LOS SANTOS,                                          Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                  On
appeal from the 148th District Court

                           of
Nueces County, Texas.

_ 
_________________________________________________________________

 

                     MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez



 








Appellant, David Delosantos a/k/a David De Los Santos, appeals his
conviction of indecency with a child.  See Tex.
Pen. Code Ann. ' 21.11 (a)(1)
& (a)(2)(A) (Vernon
2004).  Appellant waived his right to a
trial by jury and entered a plea of guilty. 
After accepting appellant=s plea and hearing evidence, the trial judge
sentenced appellant to seven years in the Institutional Division of the Texas
Department of Criminal Justice.  The trial
court has certified that this case Ais not a plea bargain case, and the defendant has
the right of appeal.@  See Tex. R. App. P. 25.2(a)(2).  By one point of error, appellant alleges that
the trial court erred in sentencing him when the court never found appellant
guilty according to the evidence.  We
affirm.

I.  BACKGROUND

As this is a memorandum opinion and because all issues of law presented
by this case are well settled and the parties are familiar with the facts, we
will not recite the law and the facts in this memorandum opinion except as
necessary to advise the parties of the Court=s
decision and the basic reasons for it.  See
Tex. R. App. P. 47.4.

II.  ANALYSIS

By his sole point of error, appellant contends that because the trial
court did not recite that he was found guilty based upon the evidence
presented, his sentencing was not in compliance with article 1.15 of the Texas
Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 1.15
(Vernon Supp. 2004-05).  Appellant
alleges that although the trial court found appellant guilty based on its oral
admonishment and appellant=s plea of guilty, the trial court erred because it
did not find him guilty based on evidence; therefore, the sentence is null and
void.  See id.  Appellant further argues that the
language in article 1.15 should be strictly construed to require a statement
from the trial court declaring guilt based on the evidence before announcing
sentencing. See id.








The State, however, asserts that because appellant did not object that
the trial court considered punishment without first making such a
pronouncement, error, if any, was not preserved for our review.  We agree.

To preserve error for review at the appellate level, the record must
reflect that a complaint was made to the trial court by a timely request or
objection which was ruled upon by the judge.  See Tex. R. App. P. ' 33.1(a); Wilson
v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).  Appellant failed to bring this issue
before the trial court.  Our review of the record finds no objection related
to appellant=s point of error. 
We conclude, therefore, that appellant has failed to preserve this sole
issue for our review.

III. 
CONCLUSION

Accordingly, the judgment of the trial court is
affirmed.

 

NELDA V. RODRIGUEZ

Justice

 

Do
not publish.

Tex.
R. App. P.
47.2(b).

 

Memorandum Opinion
delivered and 

filed this 4th day of
August, 2005.