**Geno Capoletti WILSON, Appellant,**

v.

**The STATE of Texas.**

**No. 73747.**

Court of Criminal Appeals of Texas.

March 20, 2002.

Connie B. Williams, Houston, for appellant.

Julie Klibert, Assistant State's Attorney, Houston, Matthew Paul, State's Attorney, Austin, for the State.

## OPINION

MEYERS, J., delivered the unanimous opinion of the Court.

Appellant was convicted in December 1999 of capital murder. Tex. Pen.Code Ann. § 19.03(a) (Vernon 1994). Pursuant to the jury's answers to the special issues set forth in Texas Code of Criminal Procedure Article 37.071 sections 2(b) and 2(e), the trial judge sentenced appellant to death. Art. 37.071 § 2(g).[1] Direct appeal to this Court is automatic. Art. 37.071 § 2(h). Appellant raises three points of error but does not challenge the sufficiency of the evidence at either stage of trial. Thus, only those facts essential to answer appellant's points will be set out. We affirm.

In all of his points of error, appellant complains that the trial court erred in allowing the prosecutor to ask a defense punishment witness, over objection, "did you know" questions about specific criminal acts which had not been proven before the jury. Appellant contends this violated his right to confront the witnesses against him as granted by the Sixth Amendment to the United States Constitution and his right to due process under the Fourteenth Amendment. Appellant also asserts that this error affected his substantial rights. In particular, appellant complains that the error affected his "substantial right to confront the witnesses against him" and "the substantial right to have the State ... meet its burden of proof on future dangerousness."

The record reveals that during the punishment phase of trial, appellant called Reverend Rogers Delaney to testify about his interactions with appellant and about appellant's character in general. On cross-examination, the prosecutor established that Delaney had been personally involved in appellant's life and had attempted to ensure that appellant learn right from wrong and become a productive member of society. The prosecutor then asked Delaney a series of questions designed to determine his familiarity with appellant's past violent behavior.[2] Delaney responded that he was not aware of any of the incidents to which the prosecutor referred. Appellant did not object to any of these questions.

The prosecutor next asked Delaney if he knew that appellant had driven a stolen car to the scene where he committed the capital murder. After Delaney answered this question and the prosecutor began asking a new question, defense counsel asked to approach the bench and objected:

[DEFENSE COUNSEL:] This might be a delayed objection, but I'd like to object to any reference to a stolen car to the capital murder case. There's been no evidence—

THE COURT: I understand that. I understand that. But there's nothing wrong with him asking this witness if he's heard about it.

---

**1.** Unless otherwise indicated all future references to Articles refer to the Code of Criminal Procedure.

**2.** Appellant had a history of assaulting people.

[DEFENSE COUNSEL:] But the manner in which the questions is [sic] phrased presupposes that the witness—not this witness obviously has not heard anything about the testimony [sic]. Neither has the jury. It's sort of like asking, "When did you stop beating your wife," which presupposes that you ever beat your wife. And there's been no evidence—

The trial court overruled the objection.

On re-cross, the prosecutor asked Delaney a number of questions designed to determine his familiarity with appellant's behavior while in jail. Specifically, the prosecutor asked Delaney whether he knew that while in jail, appellant had been charged with extortion in November of 1998. Appellant objected to this question:

[DEFENSE COUNSEL:] We're way outside the scope now of either cross-examination—direct, cross, redirect, we're way outside. This was not an alleged criminal act. And this witness obviously would have no way of having any information relative to that. He's already testified that—

THE COURT: I understand.

[DEFENSE COUNSEL:] And that's different from posing a question, now we're saying we have another crime allegedly.

[THE COURT:] That he was charged with. I understand. I understand. And I wish there was a rule that said that the first direct and the cross and the redirect and the recross and the re-re and the re-re that would refine it. But we don't have a rule like that. So, at any rate as I understand your objection, it's overruled, sir.

The prosecutor resumed questioning Delaney regarding additional incidents of extortion for which appellant was charged with while he was in jail. Appellant once again objected:

[DEFENSE COUNSEL:] At this point I think we're badgering the witness. He's already testified that he has no knowledge about anything other than his limited involvement and the scope of his—I think the State at this time is badgering this man. And he doesn't deserve that.

The trial court overruled appellant's objection. Without further objections, the prosecutor finished asking Delaney a series of "did you know" questions concerning more charges that had been filed against appellant while he was in jail.

■ Appellant has failed to preserve error for appellate review. To preserve error for appellate review, the complaining party must make a specific objection and obtain a ruling on the objection. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex.Crim. App.1995). In addition, the objection must be made at the earliest possible opportunity. *Turner v. State*, 805 S.W.2d 423, 431 (Tex.Crim.App.1991), *cert. denied* 502 U.S. 870, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991). Finally, the point of error on appeal must comport with the objection made at trial. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim.App.1986).

■ Appellant first complains of the "did you know" question posed by the prosecutor about the stolen vehicle. At trial, appellant objected on the grounds that no evidence had been introduced to support the facts asserted by the prosecutor. Not only did appellant fail to make a timely objection, but the objection raised on appeal differs from that which was lodged at trial. As such, appellant failed to preserve error regarding this question.

■ Appellant likewise failed to make the proper objections to the other "did you know" questions regarding the specific acts allegedly committed by appellant

while he was in jail. Appellant first objected on the ground that the question on re-cross was outside the scope of the re-direct and then because he felt the prosecutor was badgering the witness. At no time did appellant object on the grounds he now raises on appeal.

■■■ Even if appellant had preserved error, his claim would be without merit. A witness who testifies to a defendant's good character may be cross-examined to test the witness's awareness of relevant "specific instances of conduct." *Drone v. State*, 906 S.W.2d 608, 616 (Tex.App.Austin 1995, pet. ref'd); TEX.R. EVID. 405(a).[3] Character may be proved by either opinion or *reputation testimony*. While reputation witnesses are generally asked "have you heard" questions, opinion witnesses are asked "did you know" questions.[4] *See Reynolds v. State*, 848 S.W.2d 785, 788 (Tex.App.Houston [14th Dist.] 1993, pet. ref'd). In the present case, appellant called Delaney to testify as a character witness. On direct examination, Delaney testified that he was surprised to learn that appellant had just been convicted of capital murder and had a prior criminal history. Moreover, he testified that dur-

ing the times that he was with appellant, appellant exhibited exceptional behavior. In addition, on re-direct, when asked by appellant's attorney whether in spite of all the things he was asked by the State during cross-examination regarding specific instances of appellant's conduct appellant was still the kind of person with whom he wished to associate, he replied, "Geno is far above in my mind what I have heard going on here."

■■■ Because Delaney testified as to his opinion of appellant, the State was entitled to test his knowledge about specific instances of conduct involving appellant by asking a series of "did you know questions." *See id.* Appellant claims, however, that it was improper for the trial court to allow the State to ask Delaney "did you know" questions about specific criminal acts over objection since the acts had not been proven before the jury.

■■■ The right of a party to cross-examine a character witness on specific instances of conduct is subject to certain limitations. *See Lancaster v. State*, 754 S.W.2d 493, 496 (Tex.App.Dallas 1988, pet,

---

**3.** Rule 405 provides: "In all cases in which evidence of character or character trait is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. In a criminal case, to be qualified to testify at the guilt stage of trial concerning the character or character trait of an accused, a witness must have been familiar with the reputation, or with the underlying facts or information upon which the opinion is based, prior to the day of the offense. In all cases where testimony is admitted under this rule, on cross-examination inquiry is allowable into relevant specific instances of conduct."

**4.** Although Rule 405 of the Texas Rules of Evidence does not distinguish between opinion and reputation testimony on cross-examination, the better practice is to follow the traditional method of impeaching opinion witnesses with "did you know" questions and

reputation witnesses with "have you heard" questions. *See* 1 STEVEN GOODE ET AL., GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 405.2.4 (2d ed.1993). Since the reputation witness purportedly bases his or her testimony on hearsay in the community, his knowledge of the defendant's reputation in the community can best be impeached by questions of whether he has heard about specific instances of conduct inconsistent with that reputation. *See Rutledge v. State*, 749 S.W.2d 50, 52–53 (Tex.Crim.App.1988). Conversely, the witness who testifies to the defendant's character on the basis of personal knowledge is most effectively challenged by "did you know" questions regarding conduct inconsistent with the traits to which he has offered his opinion and not about rumors affecting the subject's character. GOODE ET AL., *supra*.

ref'd). First, the incidents inquired about must be relevant to the character traits at issue. *Id.* Second, the alleged bad act must have a basis in fact. *Id.* Before the questions are asked, the foundation for inquiring into the specific instances of conduct should be laid outside the jury's presence so that the judge will have an opportunity to rule on the propriety of asking them. *See United States v. Nixon,* 777 F.2d 958, 970 (5th Circ.1985);[5] *Reynolds,* 848 S.W.2d at 788. Specific instances should not, however, be proven before the jury. *See Nixon,* 777 F.2d. at 970. The rationale behind this rule is explained in the Commentary to Federal Rule of Evidence 405 in the federal code:[6]

> While a party may cross-examine a character witness with relevant specific acts, the party may not prove that these acts occurred, if the only purpose is to test the character witness. Rule 405(a) states that "inquiry is allowable" into relevant specific instances of conduct. This language does not permit extrinsic proof of the conduct. The rationale is that the probative value of extrinsic proof of such a collateral matter is substantially outweighed by the risk of prejudice, confusion, and delay that the proof would present; after all, the bad act is only probative in these circumstances to test the character witness. It is not worth it, under the circumstances, to prove to the jury that this act really occurred.

In the present case the State was asking the questions for the purpose of testing Delaney's familiarity with appellant. As such, not only was the State not required to prove to the jury that the acts actually occurred, but it would have been improper for the State to attempt to do so. Appellant's claim is therefore without merit.

We overrule appellant's points of error. We affirm the judgment of the trial court.

---

**5.** Rule 405(a) of the Federal Rules of Evidence is nearly identical to Rule 405(a) of the Texas Rules of Evidence. It provides: "In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct." Although we are not bound by lower federal court decisions, cases and commentaries interpreting the Federal Rules of Evidence can be used for guidance in our construction of similarly worded provisions in our own rules. *See Coffin v. State,* 885 S.W.2d 140, 147 n. 4 (Tex.Crim.App.1994); *see also Campbell v. State,* 718 S.W.2d 712, 715–17 (Tex.Crim.App. 1986).

**6.** *See* U.S.C.S. FED.R.EVID. 405 at 477 (1998) (Commentary by Saltzburg et al.).