NO. 07-04-0022-CR
NO. 07-04-0023-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 22, 2004
_____

RANDOLPH NEDEDOG RIVERA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NOS. 13,222-A and 13,223-A; HON. HAL MINER, PRESIDING
_____

*Memorandum Opinion*
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

The State of Texas accused appellant, Randolph Nededog Rivera, via two separate indictments, of indecency with a child. Upon trial by jury of the consolidated cases, he was found guilty of both crimes. Two issues are presented for our review. We overrule each and affirm the judgment for the reasons given below.

*Issue One*

The first issue, which has two sub-parts, involves whether the trial court erred in exempting the State's expert witness from application of the Rule and also allowing the

individual to later testify as an expert without first conducting a *Daubert* hearing. As to the failure to exclude the witness once the Rule was invoked, appellant uttered no objection. So, the complaint was not preserved. TEX. R. APP. P. 33.1(a) (requiring an objection to preserve error).

Regarding the second part of the first issue, the record discloses that the trial court actually did convene a hearing to determine the reliability of the expert and his expected testimony. Apparently, this was done by the court *sua sponte.* The record does not reveal that appellant requested the proceeding or objected to the potential testimony before the trial court itself broached the matter. Moreover, appellant examined the witness through voir dire before the trial court found him to be an expert and sought to ask further questions to "make my record" after the court's ruling. Yet, at no time did appellant specifically contend either that the witness was not an expert or that his theories were unreliable. Nor did he specify the requirements of *Daubert* that he felt went unsatisfied, if any. Instead, counsel asserted that "we're going to further object to this testimony on the basis . . . of Rule 608 . . . [and] . . . on the basis of Rule 404(a)," neither of which grounds concern *Daubert*.[1] In omitting to specifically include the ground now asserted in his objections below and because the complaint was not apparent from the context of those objections, sub-part two of issue one was not preserved for review. *See Gregory v. State,* 56 S.W.3d 164, 182 (Tex. App.--Houston [14th Dist.] 2001, pet. dism'd), *cert. denied,* 538 U.S. 978, 123 S.Ct. 1787, 155 L.Ed.2d 667 (2003) (stating that an objection based merely on

---

[1]Rule of Evidence 608 deals with the impeachment of a witness' credibility through evidence of opinion or reputation. Rule 404(a) concerns the exclusion of evidence touching upon a person's character.

"Daubert" is a general objection to an improper predicate that fails to inform the court about how the predicate is deficient and does not preserve error).

*Issue Two*

In his second issue, appellant contends the trial court erred in allowing witness Jeff Tomlinson to testify, during the punishment phase, about an extraneous offense that occurred some 20 years earlier. The testimony is allegedly inadmissible since 1) the military deemed the evidence of its occurrence "insignificant" (appellant apparently was in the military when the accusation arose) and 2) too much time lapsed since its purported occurrence. However, at trial, appellant argued that the evidence was inadmissible not for the reasons proffered before us but because it was obtained illegally and in violation of his rights to privacy. Given that the objections asserted now do not comport with those uttered below, the issue before us was not preserved for review. *Wilson v. State,* 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

Accordingly, the judgments of the trial court are affirmed.

Brian Quinn
Justice

Do not publish.

3