NO. 07-04-0263-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 12, 2005

_____

RUFUS SITO NANEZ, III, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;

NO. 6180; HONORABLE STEVEN R. EMMERT, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**OPINION**

Following a plea of not guilty, appellant Rufus Sito Nanez, III was convicted by a jury of unlawful possession of a firearm and sentenced to ten years confinement and a $10,000 fine.  Presenting three issues, appellant contends the trial court erred by (1) failing to grant a mistrial when the State asked a witness to repeat hearsay evidence to the jury, (2)

overruling his objection to testimony obtained from an interview with him, and (3) admitting testimony during the punishment phase concerning extraneous offenses. We affirm.

Appellant was indicted for unlawfully possessing a firearm while he was under community supervision for a prior felony conviction. As the result of a routine drug arrest in Wheeler County, Gray County Sheriff's Deputy Kelly Rushing obtained custody of two handguns that had been reported stolen from a Gray County residence several months earlier. In conducting his investigation, Deputy Rushing interviewed the alleged owner of the guns, Scott Neighbors. Neighbors identified appellant as the person who gave him the handguns. Appellant then voluntarily agreed to meet with Deputy Rushing for questioning.

During the interview and at trial, appellant claimed he was approached at his place of employment by two unidentified men looking for a buyer for the two guns. Appellant told the men he was not interested in purchasing the guns but thought he knew someone who might be. He then offered to sell the guns to fellow employee Scott Neighbors for $50. In doing so, appellant maintains he was never in physical possession of the firearms. However, after hearing the evidence, a jury found appellant guilty of possessing the firearms. At the punishment phase of trial, the State introduced evidence of appellant's involvement in two prior burglaries.

By his first issue, appellant contends the trial court should have granted a mistrial when the State asked Deputy Rushing to repeat hearsay evidence to the jury. We disagree. The State questioned Deputy Rushing about his investigation into the burglary of the handguns and his interview with Scott Neighbors. The State then asked the following question:

2

Q:     Okay.  What did you do after you talked to Scott Neighbors?

A:     I -- I contacted the next one, the one he said he got the guns from.

Appellant immediately objected to hearsay and asked that the jury be instructed to disregard the testimony.  The court sustained the objection and instructed the jury as requested.  Appellant then moved for a mistrial claiming such an instruction would not remove the testimony from the jury's mind.  The court denied the request for a mistrial.  The State continued questioning the witness as follows:

Q:     Deputy Rushing, after you finished visiting with Scott Neighbors , who did you visit with next?

A:     Rufus Nanez.

Appellant contends the State's rephrasing of the question was grounds for a mistrial because the obvious implication, based upon the previous hearsay response, was to name him as the one who supplied the guns.  However, after the State posed the question, appellant failed to object or otherwise direct the court's attention to the alleged error.  In order for us consider his complaint on appeal, the record must show appellant preserved his complaint by a timely request, objection, or motion and obtained a ruling from the trial court. *See* Tex. R. App. P. 33.1(a); Hull v. State, 67 S.W.3d 215, 217 (Tex.Cr.App. 2002). Since he did not object or request a mistrial, appellant's first issue presents nothing for review and is overruled.

By his second issue, appellant claims the trial court erred in overruling his objection to Deputy Rushing's testimony about his interview with him. We disagree. By his brief, appellant cites no authority to support his contention that the trial court erred in considering this testimony. Failure to adequately brief an argument and provide authority to support an issue waives the complaint. *See* Hughes v. State, 962 S.W.2d 689, 692 (Tex.App.--Houston [1st Dist.] 1998, pet. ref'd); Hicks v. State, 15 S.W.3d 626, 630 (Tex.App--Houston [14th Dist.] 2000, pet. ref'd). Appellant's second issue is overruled.

By his third issue, appellant contends the trial court erred at the punishment phase of trial by admitting testimony concerning his involvement in two prior burglaries because the State could not and did not prove the offenses with evidence beyond a reasonable doubt. We disagree.

The decision of a trial court regarding the admissibility of extraneous offense evidence is reviewed under an abuse of discretion standard. Saenz v. State, 843 S.W.2d 24, 26 (Tex.Cr.App. 1992); Cate v. State, 124 S.W.3d 922, 930 (Tex.App.–Amarillo 2004, no pet.). Regarding extraneous offense evidence at the punishment phase of trial, article 37.07 of the Code of Criminal Procedure provides as follows:

> evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including . . . evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Pamph. Supp. 2004-05).

4

This provision was considered by the Court in *Mitchell v. State*, 931 S.W.2d 950 (Tex.Cr.App. 1996). The Court concluded the trial court is the sole authority on the threshold issue of admissibility of relevant evidence, while the jury determines whether or not the burden of proof for the extraneous offenses presented has been satisfied. *Id.* at 953. Stated differently, the trial court is not charged with determining whether the State has proven the extraneous offenses beyond a reasonable doubt. *See id.* at 954. The jury as "the exclusive judge of the facts" is to determine whether the burden of proof has been met before considering evidence concerning extraneous offenses and should be so instructed when requested. *Id.*; Ex parte Varelas*, 45 S.W.3d 627, 631 (Tex.Cr.App. 2001).

Here, the trial court made a determination outside the presence of the jury that the extraneous offense evidence was relevant, and the jury was properly instructed that it could only consider the testimony if it found beyond a reasonable doubt that appellant committed such acts. Considering the applicable standard of review, we find the trial court did not abuse its discretion in admitting the testimony. Issue three is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Publish.