COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NO.
02-05-118-CR

 

 

JAMAAL LEE BANKS                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction

In one issue on appeal,
Appellant Jamaal Lee Banks complains that the trial court erred by overruling
his objection to the admission of extraneous offense evidence at the punishment
stage of trial.  Because Banks=s contention is without merit, we affirm the judgment of the trial
court.  








II. Background Facts

A jury found Banks guilty of
murder and assessed his punishment at twenty-five years= confinement.  

The sole issue on appeal
relates to questions asked by the State during its cross-examination of Banks=s wife, Tiffany Gomez, during the punishment stage of trial.  During direct examination, Gomez testified
that Banks was a loving husband and a wonderful father.  On cross-examination, the State confirmed
Gomez=s testimony about Banks=s good character.  The State
then proceeded to ask A[d]o you
remember going to the Lake Dallas Police Department?@  Before Gomez could answer the
question, Banks objected.  

Banks argued outside the
presence of the jury that he had not opened the door for evidence of a criminal
offense that he had not been found guilty of. 
The State argued that Banks had opened the door to this questioning and
that the State had a good faith belief in the questions based on the report
Gomez made to the police.  The court
overruled Banks=s
objection.  








Thereafter, the State asked
Gomez if she remembered going to the Lake Dallas Police Department in 2003, to
which she replied A[y]es.@  The State then asked her a
series of questions about whether the purpose of her visit was to make a report
and whether she had various injuries on her body, to which she replied A[n]o.@  Specifically, Gomez testified that she did
not recall whether she had a mark on her cheek, neck, upper arms, or back.  She did testify that she Ahad told them [the police] that me and my husband had gotten into an
argument and that I had asked him to leave the house to cool down.  And they said that they would stay there
until he=d gotten his stuff to go elsewhere, till we both cooled down, because
we were both arguing.@  Gomez denied that she told police that Banks
had assaulted her.

The trial court instructed
the jury that before considering other offenses or bad acts in determining
Banks=s punishment, it must find beyond a reasonable doubt that he committed
those offenses.  

III. Discussion

On appeal, Banks contends
that the cross-examination questions by the State during the punishment phase
constituted the improper admission of extraneous bad acts, and that the trial
court erred by allowing the State to ask the questions since the bad acts were
not proven beyond a reasonable doubt.

A trial court=s decision to admit evidence is reviewed under an abuse of discretion
standard.  Allen v. State, 108
S.W.3d 281, 284 (Tex. Crim. App. 2003), cert. denied, 540 U.S. 1185
(2004).  The reviewing court may reverse
the trial court=s decision
only if the ruling is outside the zone of reasonable disagreement.  Id.

 








A. Propriety to Rebut
Character Evidence

A witness who testifies to a
defendant=s good
character may be cross-examined to test the witness=s awareness of relevant specific instances of the defendant=s conduct.  Tex. R. Evid. 405(a); Wilson v. State, 71 S.W.3d
346, 350 (Tex. Crim. App. 2002); Murphy v. State, 4 S.W.3d 926, 930
(Tex. App.CWaco 1999,
pet. ref=d).  Such questions can Ademonstrate that the witness has a low standard for what he considers
good character by inquiring into prior specific instances of conduct that are
inconsistent with the particular character trait.@  Wheeler v. State, 67
S.W.3d 879, 886 n.16 (Tex. Crim. App. 2002).

The right of a party to
cross-examine a character witness on specific instances of conduct is subject
to certain limitations.  First, the
incidents must be relevant to the character trait at issue.  Wilson, 71 S.W.3d at 350B51.  Second, the alleged bad act
must have a basis in fact.  Id. at
351.  The foundation for the
cross-examination should be presented outside the jury=s presence so that the trial court can determine the propriety of
asking the questions.  Id. 








When Gomez testified that
Banks was a loving husband and wonderful father to their kids, she was
undoubtedly testifying to Banks=s good character.  Therefore, it
was permissible for the State to cross-examine Gomez concerning her awareness
of relevant specific instances of Banks=s conduct. See Tex. R.
Evid. 405(a); Wilson, 71 S.W.3d at 350; Murphy, 4 S.W.3d at 930.  Furthermore, the incident Gomez was
questioned about, an allegation of domestic violence, was relevant to the
character trait at issue.  See Wilson,
71 S.W.3d at 351.  Moreover, the alleged
bad act had a basis in fact, namely the report Gomez made to the police about
the incident.  See id.  Lastly, the foundation for the
cross-examination was presented outside the presence of the jury, and the trial
court determined the questioning to be proper. 
See id. 

Therefore, it was not error
for the trial court to allow the questioning of Gomez to rebut her testimony of
Banks=s good character.        

B. Propriety Under Tex. Code Crim. Proc. Ann. art. 37.07 ' 3(a)(1) 








During the punishment phase
of a criminal trial, the State may offer into evidence any matter the trial
court deems relevant to sentencing.  See Tex.
Code Crim. Proc. Ann. art. 37.07 ' 3(a)(1) (Vernon Supp. 2006). 
Evidence may be admitted as to the defendant=s prior criminal record, his general reputation, his character, and to
the circumstances of the offense for which he is being tried.  Id. 
In addition, the State may introduce evidence of an extraneous crime
or bad act provided the bad act is proven beyond a reasonable doubt to have
been (1) an act committed by the defendant, or (2) an act for which he could be
held criminally responsible.  Id.;
Fields v. State, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999).

Before the jury can consider
extraneous evidence in assessing punishment, it must be satisfied beyond a
reasonable doubt that the acts are attributable to the defendant.  Huizar v. State, 12 S.W.3d 479, 482B83 (Tex. Crim. App. 2000). 
Whether an extraneous offense or bad act was established beyond a
reasonable doubt is a question of fact for the jury, not a preliminary question
of admissibility for the trial court.  Vicioso
v. State, 54 S.W.3d 104, 120 (Tex. App.CWaco 2001, pet. ref=d) (citing Mitchell v. State, 931 S.W.2d 950, 953 (Tex. Crim.
App. 1996)), cert. denied, 536 U.S. 915 (2001); see also Nanez v.
State, 179 S.W.3d 149, 151B52 (Tex. App.CAmarillo
2005, no pet.).

Here, the trial court deemed
the State=s
questioning to be relevant to sentencing. 
See Tex. Code Crim. Proc.
Ann. art. 37.07 '
3(a)(1).  It was for the jury, not the
trial court, to determine whether this bad act was proven beyond a reasonable
doubt.  Vicioso, 54 S.W.3d at
120.  Furthermore, the trial court
properly instructed the jury that before the jury could consider the extraneous
evidence in assessing punishment, it must be satisfied beyond a reasonable doubt
that the act was attributable to Banks.  See Huizar, 12 S.W.3d at 482B83.  Thus, the questioning was
also proper under Tex. Code Crim. Proc.
Ann. art. 37.07 '
3(a)(1).  








IV. Conclusion

We overrule Banks=s sole issue and affirm the judgment of the trial court.

 

 

 

BOB
MCCOY

JUSTICE

 

PANEL B:   DAUPHINOT,
GARDNER, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 5, 2006

 

 

   











[1]See Tex. R. App. P. 47.4.