COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 02-05-118-CR

JAMAAL LEE BANKS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM 
OPINION
(footnote: 1)

------------

I. Introduction

In one issue on appeal, Appellant Jamaal Lee Banks complains that the trial court erred by overruling his objection to the admission of extraneous offense evidence at the punishment stage of trial.  Because Banks’s contention is without merit, we affirm the judgment of the trial court.  

II. Background Facts

A jury found Banks guilty of murder and assessed his punishment at twenty-five years’ confinement.  

The sole issue on appeal relates to questions asked by the State during its cross-examination of Banks’s wife, Tiffany Gomez, during the punishment stage of trial.  During direct examination, Gomez testified that Banks was a loving husband and a wonderful father.  On cross-examination, the State confirmed Gomez’s testimony about Banks’s good character.  The State then proceeded to ask “[d]o you remember going to the Lake Dallas Police Department?”  Before Gomez could answer the question, Banks objected.  

Banks argued outside the presence of the jury that he had not opened the door for evidence of a criminal offense that he had not been found guilty of.  The State argued that Banks had opened the door to this questioning and that the State had a good faith belief in the questions based on the report Gomez made to the police.  The court overruled Banks’s objection.  

Thereafter, the State asked Gomez if she remembered going to the Lake Dallas Police Department in 2003, to which she replied “[y]es.”  The State then asked her a series of questions about whether the purpose of her visit was to make a report and whether she had various injuries on her body, to which she replied “[n]o.”  Specifically, Gomez testified that she did not recall whether she had a mark on her cheek, neck, upper arms, or back.  She did testify that she “had told them [the police] that me and my husband had gotten into an argument and that I had asked him to leave the house to cool down.  And they said that they would stay there until he’d gotten his stuff to go elsewhere, till we both cooled down, because we were both arguing.”  Gomez denied that she told police that Banks had assaulted her.

The trial court instructed the jury that before considering other offenses or bad acts in determining Banks’s punishment, it must find beyond a reasonable doubt that he committed those offenses.  

III. Discussion

On appeal, Banks contends that the cross-examination questions by the State during the punishment phase constituted the improper admission of extraneous bad acts, and that the trial court erred by allowing the State to ask the questions since the bad acts were not proven beyond a reasonable doubt.

A trial court’s decision to admit evidence is reviewed under an abuse of discretion standard.  
Allen v. State
, 108 S.W.3d 281, 284 (Tex. Crim. App. 2003), 
cert. denied
, 540 U.S. 1185 (2004).
  
The reviewing court may reverse the trial court’s decision only if the ruling is outside the zone of reasonable disagreement.  
Id.

A. Propriety to Rebut Character Evidence

A witness who testifies to a defendant’s good character may be cross-examined to test the witness’s awareness of relevant specific instances of the defendant’s conduct. 
 
T
ex. R. Evid. 405(
a)
; 
Wilson v. State
, 71 S.W.3d 346, 350 (Tex. Crim. App. 2002); 
Murphy v. State
, 4 S.W.3d 926, 930 (Tex. App.—Waco 1999, pet. ref’d).  Such questions can “demonstrate that the witness has a low standard for what he considers good character by inquiring into prior specific instances of conduct that are inconsistent with the particular character trait.” 
 Wheeler v. State
, 67 S.W.3d 879, 886 n.16 (Tex. Crim. App. 2002).

The right of a party to cross-examine a character witness on specific instances of conduct is subject to certain limitations.  First, the incidents must be relevant to the character trait at issue. 
 Wilson
, 71 S.W.3d at 350–51.  Second, the alleged bad act must have a basis in fact.  
Id. 
at 351.
 
 The foundation for the cross-examination should be presented outside the jury’s presence so that the trial court can determine the propriety of asking the questions. 
 Id.
 

When Gomez testified that Banks was a loving husband and wonderful father to their kids, she was undoubtedly testifying to Banks’s good character.  Therefore, it was permissible for the State to cross-examine Gomez concerning her awareness of relevant specific instances of Banks’s conduct. 
See 
T
ex. R. Evid. 405(
a);
 Wilson
, 71 S.W.3d at 350
; 
Murphy
, 4 S.W.3d at 930.  Furthermore, the incident Gomez was questioned about, an allegation of domestic violence, was relevant to the character trait at issue.  
See Wilson
, 71 S.W.3d at 351.  Moreover, the alleged bad act had a basis in fact, namely the report Gomez made to the police about the incident.  
See
 
id.  
Lastly, the foundation for the cross-examination was presented outside the presence of the jury, and the trial court determined the questioning to be proper.  
See id.
 

Therefore, it was not error for the trial court to allow the questioning of Gomez to rebut her testimony of Banks’s good character.        

B. Propriety Under T
ex. Code Crim. Proc. Ann. 
art. 37.07 § 3(a)(1) 

During the punishment phase of a criminal trial, the State may offer into evidence any matter the trial court deems relevant to sentencing. 
 See
 T
ex. Code Crim. Proc. Ann. 
art. 37.07 § 3(a)(1) (Vernon Supp. 2006).  Evidence may be admitted as to the defendant’s prior criminal record, his general reputation, his character, and to the circumstances of the offense for which he is being tried.  
Id.  
In addition, the State may introduce evidence of an extraneous crime or bad act provided the bad act is proven beyond a reasonable doubt to have been (1) an act committed by the defendant, or (2) an act for which he could be held criminally responsible. 
 Id.
; 
Fields v. State
, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999).

Before the jury can consider extraneous evidence in assessing punishment, it must be satisfied beyond a reasonable doubt that the acts are attributable to the defendant. 
 Huizar v. State
, 12 S.W.3d 479, 482–83 (Tex. Crim. App. 2000).  Whether an extraneous offense or bad act was established beyond a reasonable doubt is a question of fact for the jury, not a preliminary question of admissibility for the trial court.  
Vicioso v. State
, 54 S.W.3d 104, 120 (Tex. App.—Waco 2001, pet. ref’d) (citing
 Mitchell v. State
, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996)), 
cert. denied
, 536 U.S. 915 (2001); 
see also Nanez v. State
, 179 S.W.3d 149, 151–52 (Tex. App.—Amarillo 2005, no pet.).

Here, the trial court deemed the State’s questioning to be relevant to sentencing.  
See
 T
ex. Code Crim. Proc. Ann. 
art. 37.07 § 3(a)(1).  It was for the jury, not the trial court, to determine whether this bad act was proven beyond a reasonable doubt.  
Vicioso
, 54 S.W.3d at 120.  Furthermore, the trial court properly instructed the jury that before the jury could consider the extraneous evidence in assessing punishment, it must be satisfied beyond a reasonable doubt that the act was attributable to Banks. 
 See Huizar
, 12 S.W.3d at 482–83.  Thus, the questioning was also proper under T
ex. Code Crim. Proc. Ann. 
art. 37.07 § 3(a)(1).  

IV. Conclusion

We overrule Banks’s sole issue and affirm the judgment of the trial court.

BOB MCCOY

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 5, 2006

   

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.