COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 02-05-306-CR

TERI ANN HUGHES APPELLANT

V.

STATE OF TEXAS STATE

------------

FROM THE 271ST DISTRICT COURT OF WISE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

In three issues, Appellant Teri Ann Hughes appeals her conviction and sentence for delivery of more than four, but less than two hundred, grams of methamphetamine.  She advances one argument for reversal of her conviction and two arguments for remand for a new punishment phase.  We affirm.  

II. Factual Background

The testimony at trial indicated that Hughes sold methamphetamine for $850 to Wise County undercover narcotics Officer Tim Donald.  Hughes made contact with Donald through a friend of hers, who was working as a confidential informant.  Prior to the meeting, all aspects of the deal were set up through phone calls between Hughes and Donald.  Their meeting was tape-recorded and corroborates Donald’s testimony.  The recording was published to the jury at trial.  DPS Chemist Drew Foust testified that the substance recovered from the transaction had a net weight of 10.47 grams and contained  methamphetamine.

At punishment, Hughes objected to the testimony of Donald regarding an unadjudicated drug offense because of the absence of a chemist to prove the substance was methamphetamine or its quantity.  Her objection was overruled.  Donald testified that Hughes told him she could get more methamphetamine for a cheaper price if he would travel closer to her home.

Also, over Hughes’s objection during punishment, DPS Sergeant Chad Poling testified that he was also investigating Hughes and had set-up a meeting with her.  The meeting took place a few days after Hughes had completed the transaction with Donald.  At the meeting, Hughes sold Poling a substance that, based on his training and experience, he believed to be methamphetamine.  A field test also indicated the substance to be methamphetamine.

On direct examination, Hughes admitted that she had been stopped, arrested, and jailed by the Burleson Police Department because methamphetamine was found in the vehicle she was driving.  Hughes also admitted she had sold methamphetamine to Donald, Poling, and “a lot of people.”

III. Chemical Testing of the Substance

In her first issue, Hughes argues that without scientific or expert testimony regarding the chemical testing of the substance, alleged to be methamphetamine, there is legally and factually insufficient evidence to support the jury’s verdict.  Because there was such testimony, we disagree.  

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, No. PD-469-05, 2006 WL 2956272, at *8 (Tex. Crim. App. Oct. 18, 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 2006 WL 2956272, at *8, 10; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts
 the verdict.  
Watson
, 2006 WL 2956272, at *10.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn the conviction.” 
 
 Id
.  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.  
Id
.  We may not simply substitute our judgment for the fact-finder’s.  
Johnson
, 23 S.W.3d at 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.” 
Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id
. at 9.

An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  Moreover, an opinion reversing and remanding on factual insufficiency grounds must detail all the evidence and clearly state why the finding in question is factually insufficient and under which ground.  
Goodman v. State
, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001); 
Johnson
, 23 S.W.3d at 7.

Our review of all the evidence indicates that DPS Chemist Foust
(footnote: 2) testified that the substance he tested had a net weight of 10.47 grams and contained methamphetamine.  Foust also testified about the laboratory’s chain of custody procedures and confirmed that he was the chemist who performed the analysis of the substance.  Furthermore, he testified about the laboratory’s testing procedures and stated that he followed those procedures in testing the substance at issue here.  

This testimony is legally sufficient to show beyond a reasonable doubt that Hughes was in possession of methamphetamine of more than four grams, but less than 200 grams as charged in the indictment and found by the jury.  
See 
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Hampton
, 165 S.W.3d at 693
.  Furthermore, 
the evidence supporting Hughes’s conviction is also factually sufficient because it is not so weak that the fact-finder’s determination was clearly wrong and manifestly unjust.  
Watson
, 2006 WL 2956272, at *8, 10; 
Johnson
, 23 S.W.3d at 11.  

Hughes’s first issue is overruled.

IV. Admission of Unadjudicated Bad Acts During Punishment

In her second issue, Hughes asserts that it was error for the trial court to admit testimony during the punishment phase regarding unadjudicated bad acts because the bad acts were not proven beyond a reasonable doubt.  Specifically, Hughes contends that the State’s evidence of both the nature and quantity of the substances alleged to be methamphetamine, in the unadjudicated offenses, was insufficient to allow the jury to find that Hughes was guilty beyond a reasonable doubt of the alleged bad acts.  

A trial court’s decision to admit evidence is reviewed under an abuse of discretion standard.  
Allen v. State
, 108 S.W.3d 281, 284 (Tex. Crim. App. 2003), 
cert. denied
, 540 U.S. 1185 (2004).
  
The reviewing court may reverse the trial court’s decision only if the ruling is outside the zone of reasonable disagreement.  
Id.  
During the punishment phase of a criminal trial, the State may offer into evidence any matter the trial court deems relevant to sentencing.  
See
 T
ex. Code Crim. Proc. Ann. 
art. 37.07 § 3(a)(1) (Vernon Supp. 2006).  Evidence may be admitted as to the defendant’s prior criminal record, her general reputation, her character, and to the circumstances of the offense for which she is being tried.  
Id.  
In addition, the State may introduce evidence of an extraneous crime or bad act provided the bad act is proven beyond a reasonable doubt to have been (1) an act committed by the defendant, or (2) an act for which she could be held criminally responsible. 
 Id.
; 
Fields v. State
, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999).

Article 37.07 section 3(a)(1) requires that “bad acts” be proved beyond a reasonable doubt.  
Tex. Code Crim. Proc. Ann
. art. 37.07 § (3)(a)(1); 
see 
 
Huizar v. State
, 12 S.W.3d 479, 482–83 (Tex. Crim. App. 2000).  In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict, and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Geesa
, 820 S.W.2d at 159.  Before the “bad acts” alleged by the State can be relied upon by the trier of fact in the punishment phase, the trier of fact must first have found the evidence sufficient to establish that these bad acts occurred beyond a reasonable doubt.  
Tex. Code Crim. Proc. Ann
. art. 37.07 § (3)(a)(1).  
Whether an extraneous offense or bad act was established beyond a reasonable doubt is a question of fact for the jury, not a preliminary question of admissibility for the trial court.  
Vicioso v. State
, 54 S.W.3d 104, 120 (Tex. App.—Waco 2001, pet. ref’d) (citing
 Mitchell v. State
, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996)), 
cert. denied
, 536 U.S. 915 (2001); 
see also Nanez v. State
, 179 S.W.3d 149, 151–52 (Tex. App.—Amarillo 2005, no pet.).

Here, Hughes complains of the sufficiency of the evidence to support the bad acts introduced by the State at trial pertaining to Hughes’s possession and sale of what was purported to be methamphetamine.  Over Hughes’s objection, the trial court admitted evidence of these bad acts because it deemed them relevant to sentencing.  
See
 T
ex. Code Crim. Proc. Ann. 
art. 37.07 § 3(a)(1).  Furthermore, much of the evidence of these offenses came from Hughes’s own testimony.  Hughes admitted that she sold “dope” to Poling and “a lot of people.”  She also admitted that the substance in the Burleson case was methamphetamine and that it was “something like 35 grams,” which is “about an ounce and something.”  By virtue of Hughes’s own testimony, the nature and quantity of the substances were not even contested issues during punishment. 

Finally, it was for the jury, not the trial court, to determine whether these bad acts were proven beyond a reasonable doubt.  
Vicioso
, 54 S.W.3d at 120.  The trial court properly instructed the jury that before it could consider extraneous evidence in assessing punishment, it must be satisfied beyond a reasonable doubt that the acts are attributable to the defendant. 
 Huizar
, 12 S.W.3d at 482–83.  We believe that the evidence introduced at the punishment phase was sufficient beyond a reasonable doubt to support a finding that Hughes sold Poling methamphetamine and possessed methamphetamine in the Burleson case.   

Hughes’s second issue is overruled.

V. Ineffective Assistance of Counsel at Punishment

In her third issue, Hughes argues that her trial counsel rendered ineffective assistance of counsel during the punishment phase by adopting and then destroying a strategy of seeking probation from the jury.  Again we disagree.

We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, Hughes must show that her counsel’s performance was deficient; second, Hughes must show that the deficient performance prejudiced the defense.  
See Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.  
There is no requirement that we approach the two-pronged inquiry of 
Strickland
 in any particular order, or even address both components of the inquiry if Hughes makes an insufficient showing on one component.  
See id
. at 697, 104 S. Ct. at 2069.
  

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688–89, 104 S. Ct. at 2065.  Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that counsel’s conduct fell within a wide range of reasonable representation.  
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.  
Thompson
, 9 S.W.3d at 813–14.  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63).  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Thompson
, 9 S.W.3d at 813).
 

Here, Hughes complains that her trial counsel was ineffective during punishment because he called her to testify.  This, she claims, was wholly inconsistent with the trial strategy of seeking probation form the jury.  As a criminal defendant, Hughes had the right to testify on her own behalf.  
Tex. Const.
 art. I, § 10; 
Tex. Code Crim. Proc. Ann.
 art. 38.08 (Vernon 2005).  Furthermore, the record is completely devoid of 
trial counsel’s motives behind the decision to
 call Hughes to testify.  
See 
Salinas
, 163 S.W.3d at 740.
  Thus, Hughes’s allegation of ineffectiveness is not firmly founded in the record
 nor does the record affirmatively demonstrate the alleged ineffectiveness
.  
See id.  
Accordingly, we presume 
that counsel’s conduct fell within the range of reasonable representation. 
 Id.
; 
Mallett
, 65 S.W.3d at 63. 
 

Because Hughes has failed to show that her trial counsel’s performance was deficient, we need not reach the prejudice prong of 
Strickland
.  
See Strickland
, 466 U.S. at 697, 104 S. Ct. at 2069.
  Hughes’s third issue is overruled.

VI. Conclusion

Having overruled Hughes’s three issues, we affirm the judgment of the trial court.

BOB MCCOY

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 2, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Hughes did not challenge Foust’s qualifications at trial.  
See Teixeira v. State
, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref’d).