COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NO.
02-05-306-CR

 

 

TERI ANN HUGHES                                                              APPELLANT

 

                                                   V.

 

STATE OF TEXAS                                                                      STATE

 

                                              ------------

 

              FROM
THE 271ST DISTRICT COURT OF WISE COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction

In three issues, Appellant
Teri Ann Hughes appeals her conviction and sentence for delivery of more than
four, but less than two hundred, grams of methamphetamine.  She advances one argument for reversal of her
conviction and two arguments for remand for a new punishment phase.  We affirm. 









II. Factual Background

The testimony at trial
indicated that Hughes sold methamphetamine for $850 to Wise County undercover
narcotics Officer Tim Donald.  Hughes
made contact with Donald through a friend of hers, who was working as a confidential
informant.  Prior to the meeting, all
aspects of the deal were set up through phone calls between Hughes and
Donald.  Their meeting was tape-recorded
and corroborates Donald=s
testimony.  The recording was published
to the jury at trial.  DPS Chemist Drew
Foust testified that the substance recovered from the transaction had a net
weight of 10.47 grams and contained 
methamphetamine.

At punishment, Hughes
objected to the testimony of Donald regarding an unadjudicated drug offense
because of the absence of a chemist to prove the substance was methamphetamine
or its quantity.  Her objection was
overruled.  Donald testified that Hughes
told him she could get more methamphetamine for a cheaper price if he would
travel closer to her home.








Also, over Hughes=s objection during punishment, DPS Sergeant Chad Poling testified that
he was also investigating Hughes and had set-up a meeting with her.  The meeting took place a few days after
Hughes had completed the transaction with Donald.  At the meeting, Hughes sold Poling a
substance that, based on his training and experience, he believed to be
methamphetamine.  A field test also
indicated the substance to be methamphetamine.

On direct examination, Hughes
admitted that she had been stopped, arrested, and jailed by the Burleson Police
Department because methamphetamine was found in the vehicle she was
driving.  Hughes also admitted she had
sold methamphetamine to Donald, Poling, and Aa lot of people.@

III. Chemical Testing of the
Substance

In her first issue, Hughes
argues that without scientific or expert testimony regarding the chemical
testing of the substance, alleged to be methamphetamine, there is legally and
factually insufficient evidence to support the jury=s verdict.  Because there was
such testimony, we disagree.  

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).








When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, No. PD-469-05, 2006 WL 2956272, at *8 (Tex.
Crim. App. Oct. 18, 2006); Drichas v. State, 175 S.W.3d 795, 799 (Tex.
Crim. App. 2005).  We then ask whether
the evidence supporting the conviction, although legally sufficient, is
nevertheless so weak that the fact-finder=s determination is clearly wrong and manifestly unjust or whether
conflicting evidence so greatly outweighs the evidence supporting the
conviction that the fact-finder=s determination is manifestly unjust. 
Watson, 2006 WL 2956272, at *8, 10; Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000).  To
reverse under the second ground, we must determine, with some objective basis
in the record, that the great weight and preponderance of all the evidence,
though legally sufficient, contradicts the verdict.  Watson, 2006 WL 2956272, at *10.








In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to overturn the
conviction.@   Id.  We cannot conclude that a conviction is
clearly wrong or manifestly unjust simply because we would have decided
differently than the jury or because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s determination of the weight to be given contradictory testimonial
evidence because resolution of the conflict Aoften turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.@ Johnson, 23 S.W.3d at 8. 
Thus, we must give due deference to the fact-finder=s determinations, Aparticularly those determinations concerning the weight and
credibility of the evidence.@  Id. at 9.

An opinion addressing factual
sufficiency must include a discussion of the most important and relevant
evidence that supports the appellant=s complaint on appeal.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  Moreover, an opinion reversing and remanding
on factual insufficiency grounds must detail all the evidence and clearly state
why the finding in question is factually insufficient and under which
ground.  Goodman v. State, 66
S.W.3d 283, 287 (Tex. Crim. App. 2001); Johnson, 23 S.W.3d at 7.








Our review of all the
evidence indicates that DPS Chemist Foust[2]
testified that the substance he tested had a net weight of 10.47 grams and
contained methamphetamine.  Foust also
testified about the laboratory=s chain of custody procedures and confirmed that he was the chemist
who performed the analysis of the substance. 
Furthermore, he testified about the laboratory=s testing procedures and stated that he followed those procedures in
testing the substance at issue here.  

This testimony is legally
sufficient to show beyond a reasonable doubt that Hughes was in possession of
methamphetamine of more than four grams, but less than 200 grams as charged in
the indictment and found by the jury.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Hampton, 165 S.W.3d at
693.  Furthermore, the evidence
supporting Hughes=s conviction
is also factually sufficient because it is not so weak that the fact-finder=s determination was clearly wrong and manifestly unjust.  Watson, 2006 WL 2956272, at *8, 10; Johnson,
23 S.W.3d at 11.  

Hughes=s first issue is overruled.

IV. Admission of Unadjudicated
Bad Acts During Punishment

In her second issue, Hughes
asserts that it was error for the trial court to admit testimony during the
punishment phase regarding unadjudicated bad acts because the bad acts were not
proven beyond a reasonable doubt. 
Specifically, Hughes contends that the State=s evidence of both the nature and quantity of the substances alleged
to be methamphetamine, in the unadjudicated offenses, was insufficient to allow
the jury to find that Hughes was guilty beyond a reasonable doubt of the
alleged bad acts.  








A trial court=s decision to admit evidence is reviewed under an abuse of discretion
standard.  Allen v. State, 108
S.W.3d 281, 284 (Tex. Crim. App. 2003), cert. denied, 540 U.S. 1185
(2004).  The reviewing court may
reverse the trial court=s decision
only if the ruling is outside the zone of reasonable disagreement.  Id. 
During the punishment phase of a criminal trial, the State may offer
into evidence any matter the trial court deems relevant to sentencing.  See Tex.
Code Crim. Proc. Ann. art. 37.07 ' 3(a)(1) (Vernon Supp. 2006). 
Evidence may be admitted as to the defendant=s prior criminal record, her general reputation, her character, and to
the circumstances of the offense for which she is being tried.  Id. 
In addition, the State may introduce evidence of an extraneous crime
or bad act provided the bad act is proven beyond a reasonable doubt to have
been (1) an act committed by the defendant, or (2) an act for which she could
be held criminally responsible.  Id.;
Fields v. State, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999).








Article 37.07 section 3(a)(1)
requires that Abad acts@ be proved beyond a reasonable doubt. 
Tex. Code Crim. Proc. Ann.
art. 37.07 ' (3)(a)(1); see
 Huizar v. State, 12 S.W.3d
479, 482B83 (Tex. Crim. App. 2000).  In
reviewing the sufficiency of the evidence, we must view the evidence in the
light most favorable to the verdict, and determine whether any rational trier
of fact could have found the essential elements of the offense beyond a
reasonable doubt.  Jackson, 443
U.S. at 319, 99 S. Ct. at 2789; Geesa, 820 S.W.2d at 159.  Before the Abad acts@ alleged by
the State can be relied upon by the trier of fact in the punishment phase, the
trier of fact must first have found the evidence sufficient to establish that
these bad acts occurred beyond a reasonable doubt.  Tex.
Code Crim. Proc. Ann. art. 37.07 ' (3)(a)(1).  Whether an
extraneous offense or bad act was established beyond a reasonable doubt is a
question of fact for the jury, not a preliminary question of admissibility for
the trial court.  Vicioso v. State,
54 S.W.3d 104, 120 (Tex. App.CWaco 2001, pet. ref=d) (citing Mitchell v. State, 931 S.W.2d 950, 953 (Tex. Crim.
App. 1996)), cert. denied, 536 U.S. 915 (2001); see also Nanez v.
State, 179 S.W.3d 149, 151B52 (Tex. App.CAmarillo
2005, no pet.).








Here, Hughes complains of the
sufficiency of the evidence to support the bad acts introduced by the State at
trial pertaining to Hughes=s possession and sale of what was purported to be
methamphetamine.  Over Hughes=s objection, the trial court admitted evidence of these bad acts
because it deemed them relevant to sentencing. 
See Tex. Code Crim. Proc.
Ann. art. 37.07 '
3(a)(1).  Furthermore, much of the
evidence of these offenses came from Hughes=s own testimony.  Hughes
admitted that she sold Adope@ to Poling and Aa lot of
people.@  She also admitted that the
substance in the Burleson case was methamphetamine and that it was Asomething like 35 grams,@ which is Aabout an
ounce and something.@  By virtue of Hughes=s own testimony, the nature and quantity of the substances were not
even contested issues during punishment. 

Finally, it was for the jury,
not the trial court, to determine whether these bad acts were proven beyond a
reasonable doubt.  Vicioso, 54
S.W.3d at 120.  The trial court properly
instructed the jury that before it could consider extraneous evidence in
assessing punishment, it must be satisfied beyond a reasonable doubt that the
acts are attributable to the defendant.  Huizar, 12 S.W.3d at 482B83.  We believe that the
evidence introduced at the punishment phase was sufficient beyond a reasonable
doubt to support a finding that Hughes sold Poling methamphetamine and
possessed methamphetamine in the Burleson case.   

Hughes=s second issue is overruled.

V. Ineffective Assistance of
Counsel at Punishment

In her third issue, Hughes
argues that her trial counsel rendered ineffective assistance of counsel during
the punishment phase by adopting and then destroying a strategy of seeking
probation from the jury.  Again we
disagree.








We apply a two-pronged test
to ineffective assistance of counsel claims. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999).  First, Hughes must show that her
counsel=s performance was deficient; second, Hughes must show that the
deficient performance prejudiced the defense. 
See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  There is no requirement that we approach the
two-pronged inquiry of Strickland in any particular order, or even
address both components of the inquiry if Hughes makes an insufficient showing
on one component.  See id. at 697,
104 S. Ct. at 2069.  








In evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsel=s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104 S. Ct. at 2065.  Review
of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct
fell within a wide range of reasonable representation.  Salinas v. State, 163 S.W.3d 734, 740
(Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim.
App. 2001).  A reviewing court will
rarely be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.  Thompson,
9 S.W.3d at 813B14.  AIn the majority of cases, the record on direct appeal is undeveloped and
cannot adequately reflect the motives behind trial counsel=s actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.@  Salinas, 163 S.W.3d at 740 (quoting Thompson,
9 S.W.3d at 813). 

Here, Hughes complains that
her trial counsel was ineffective during punishment because he called her to
testify.  This, she claims, was wholly
inconsistent with the trial strategy of seeking probation form the jury.  As a criminal defendant, Hughes had the right
to testify on her own behalf.  Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. Ann.
art. 38.08 (Vernon 2005).  Furthermore,
the record is completely devoid of trial counsel=s motives behind the decision to call Hughes to testify.  See Salinas, 163 S.W.3d at 740.  Thus, Hughes=s allegation of ineffectiveness is not firmly founded in the record
nor does the record affirmatively demonstrate the alleged ineffectiveness.  See id. 
Accordingly, we presume that counsel=s conduct fell within the range of reasonable representation.  Id.; Mallett, 65 S.W.3d at 63.  

Because Hughes has
failed to show that her trial counsel=s performance was deficient, we need not reach the
prejudice prong of Strickland.  See
Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.  Hughes=s third issue is overruled.








VI. Conclusion

Having overruled Hughes=s three issues, we affirm the judgment of the trial court.

 

 

BOB MCCOY

JUSTICE

 

PANEL B:   DAUPHINOT, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 2, 2006











[1]See Tex. R. App. P. 47.4.





[2]Hughes
did not challenge Foust=s
qualifications at trial.  See Teixeira
v. State, 89 S.W.3d 190, 192 (Tex. App.CTexarkana 2002, pet. ref=d).