Opinion filed February 12, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed February 12,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00123-CR

                                                       ________

 

                                 RICHARD
LEE NORTON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 284th District Court

 

                                                    Montgomery
County, Texas

 

                                          Trial
Court Cause No. 06-02-01644-CR

 



 

M
E M O R A N D U M   O P I N I O N

Richard
Lee Norton appeals his conviction by a jury of the offense of driving while
intoxicated, a subsequent offense.  The trial court assessed his punishment at
thirty years in the Texas Department of Criminal Justice, Institutional
Division.  Norton contends in a single issue that the trial court erred in
allowing an investigating officer to testify that another officer, who was on
the scene before the testifying officer, had told him that Norton was slumped
over the steering wheel of a vehicle that had been involved in an accident.  We
affirm.








Trooper
Eric Adolphus Burse of the Texas Department of Public Safety testified that on
the occasion in question he was dispatched to a traffic accident on Interstate
45.  He recalled meeting a City of Shenandoah police officer, Hoyt O=Neal, whose patrol car was
sitting behind a 1996 gold Nissan.  Trooper Burse testified that he learned
from Officer O=Neal
that, when Officer O=Neal
was dispatched to an accident, he found Norton slumped over the wheel of a
vehicle and that Norton had told Officer O=Neal
that he had been in an accident, barely scraping another vehicle.

Prior
to this testimony being received, Norton had objected to Trooper Burse=s answer to the uncompleted
question, ACan you
tell us what you learned from B.@  Trooper Burse stated, A[Officer] O=Neal explained that he was B explained to me that he
was dispatched B.@  The trial court overruled
Norton=s objection
that Trooper Burse=s
response was hearsay and then denied his request for a running objection. 
Subsequently, when the prosecuting attorney asked Trooper Burse what he had
learned from Officer O=Neal,
Norton=s counsel made
no objection.  Trooper Burse responded, AHe=s en route to an accident. 
En route to the B he=s dispatched to the
accident.  En route to the accident, this vehicle is in the inside lane with
one person inside, slumped over the steering wheel.@  At the conclusion of Trooper Burse=s response, Norton=s counsel objected on the
basis of hearsay.  The trial court overruled his objection.  Immediately after
the trial court ruled on the objection, Trooper Burse added, AI asked him did he identify
who the person was inside the vehicle.  He said, Yes.  It=s the defendant.@  Counsel for Norton made
no objection to that response.








The
underlying question to which Trooper Burse was responding when he testified
that Officer O=Neal
told him that he had found Norton slumped behind the wheel of the vehicle was
the question as to what Trooper Burse had learned from Officer O=Neal.  Counsel for Norton
made no objection to that question, only an objection to Trooper Burse=s initial response.  When
Trooper Burse testified that Officer O=Neal
told him that it was Norton who was slumped behind the wheel, counsel for
Norton made no objection.  Inasmuch as there was no objection to the question
as to what Trooper Burse had learned from Officer O=Neal and inasmuch as there was no objection to
Trooper Burse=s
response that it was Norton who was slumped over the wheel, we hold that Norton=s contention that the trial
court erred by allowing Trooper Burse to testify that Officer O=Neal told him that Norton
was slumped over the steering wheel of a vehicle, over his hearsay objection,
was not preserved for review.  Tex. R.
App. P. 33.1(a); Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim.
App. 2002).  Norton contends that his counsel objected to Trooper Burse=s testimony that Officer O=Neal had told him that it
was Norton who was slumped over the wheel, but the record reflects that there
was no such objection.  We overrule Norton=s
sole issue on appeal.

The
judgment is affirmed.

 

PER CURIAM

 

February 12,
2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.