**Opinion filed February 12, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00123-CR

_____

**RICHARD LEE NORTON, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 284th District Court**

**Montgomery County, Texas**

**Trial Court Cause No. 06-02-01644-CR**

**M E M O R A N D U M   O P I N I O N**

Richard Lee Norton appeals his conviction by a jury of the offense of driving while intoxicated, a subsequent offense. The trial court assessed his punishment at thirty years in the Texas Department of Criminal Justice, Institutional Division. Norton contends in a single issue that the trial court erred in allowing an investigating officer to testify that another officer, who was on the scene before the testifying officer, had told him that Norton was slumped over the steering wheel of a vehicle that had been involved in an accident. We affirm.

Trooper Eric Adolphus Burse of the Texas Department of Public Safety testified that on the occasion in question he was dispatched to a traffic accident on Interstate 45. He recalled meeting a City of Shenandoah police officer, Hoyt O'Neal, whose patrol car was sitting behind a 1996 gold Nissan. Trooper Burse testified that he learned from Officer O'Neal that, when Officer O'Neal was dispatched to an accident, he found Norton slumped over the wheel of a vehicle and that Norton had told Officer O'Neal that he had been in an accident, barely scraping another vehicle.

Prior to this testimony being received, Norton had objected to Trooper Burse's answer to the uncompleted question, "Can you tell us what you learned from –." Trooper Burse stated, "[Officer] O'Neal explained that he was – explained to me that he was dispatched –." The trial court overruled Norton's objection that Trooper Burse's response was hearsay and then denied his request for a running objection. Subsequently, when the prosecuting attorney asked Trooper Burse what he had learned from Officer O'Neal, Norton's counsel made no objection. Trooper Burse responded, "He's en route to an accident. En route to the – he's dispatched to the accident. En route to the accident, this vehicle is in the inside lane with one person inside, slumped over the steering wheel." At the conclusion of Trooper Burse's response, Norton's counsel objected on the basis of hearsay. The trial court overruled his objection. Immediately after the trial court ruled on the objection, Trooper Burse added, "I asked him did he identify who the person was inside the vehicle. He said, Yes. It's the defendant." Counsel for Norton made no objection to that response.

The underlying question to which Trooper Burse was responding when he testified that Officer O'Neal told him that he had found Norton slumped behind the wheel of the vehicle was the question as to what Trooper Burse had learned from Officer O'Neal. Counsel for Norton made no objection to that question, only an objection to Trooper Burse's initial response. When Trooper Burse testified that Officer O'Neal told him that it was Norton who was slumped behind the wheel, counsel for Norton made no objection. Inasmuch as there was no objection to the question as to what Trooper Burse had learned from Officer O'Neal and inasmuch as there was no objection to Trooper Burse's response that it was Norton who was slumped over the wheel, we hold that Norton's contention that the trial court erred by allowing Trooper Burse to testify that Officer O'Neal told him that Norton was slumped over the steering wheel of a vehicle, over his hearsay objection, was not preserved for review. TEX. R. APP. P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App.

2002).  Norton contends that his counsel objected to Trooper Burse's testimony that Officer O'Neal had told him that it was Norton who was slumped over the wheel, but the record reflects that there was no such objection.  We overrule Norton's sole issue on appeal.

The judgment is affirmed.

PER CURIAM

February 12, 2009

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.