

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00175-CR

**LARRY GENE GEORGE,**

                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                        **Appellee**

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. F42972

## MEMORANDUM  OPINION

Larry Gene George appeals from a jury verdict sentencing him to prison for forty years for the offense of possession of a controlled substance of more than four but less than 200 grams with the intent to deliver.  TEX. HEALTH & SAFETY CODE ANN. § 482.112 (Vernon Supp. 2010).  George pled guilty to the charged offense and to an enhancement paragraph, but elected to have a jury to assess punishment.  George complains that the trial court abused its discretion in overruling his objection to testimony regarding how many uses 5.3 pounds of methamphetamine would produce and other testimony regarding "the amount of dope, selling drugs, drug addiction, how people hooked on

methamphetamine can't hold down a job as well as several people pooling their money to purchase drugs."

*Objections to Testimony*

The State questioned a detective with a drug task force about a statement made by George that when he was arrested for the prior offense that was the basis of the enhancement paragraph, he was in possession of 27,000 tablets of "pseudofed" (sic). The detective testified that 27,000 tablets would manufacture 5.3 pounds of methamphetamine. The detective then explained the difference between types of Sudafed and how they create different amounts of product, as well as differing cooking methods yielding different amounts. According to the detective, using the 27,000 tablets with what the detective testified was the standard cook method at the time of the offense, would have yielded 83.7 ounces or 5.3 pounds of methamphetamine. This very large amount would require multiple cooks or a very well-equipped methamphetamine lab. When asked how many uses 5.3 pounds would break down into, George objected on the basis of speculation. On appeal, he complains that the evidence was irrelevant. In order to preserve an error for purposes of appeal, the issue complained of in the appeal must have been made to the trial court. George did not object to relevance. His objection is not properly preserved and is waived. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (a party's "point of error on appeal must comport with the objection made at trial").

George complains of the trial court overruling an objection to the lack of relevance of a line of questioning by the State regarding the inability of drug dealers to

know where the drugs they sell end up. The detective from the task force testified that a person addicted to methamphetamine generally smokes it every day, generally cannot hold down a job for very long, which results in stealing. Additionally, people put their money together to purchase a gram of methamphetamine to smoke together. George objected in the middle of the answer when the detective was describing people pooling their money together, which the trial court overruled without a response from the State.

In his brief to this Court, George cites to one case by the Court of Criminal Appeals, but gives no discussion of how that case applies to his objection lodged to the trial court. He does not mention whether his complaint relates to the rules of evidence or the code of criminal procedure. As such, this issue is inadequately briefed, and therefore is waived. *See* TEX. R. APP. P. 38.1(i). *See also Wyatt v. State*, 23 S.W.3d 18, 23 n.5 (Tex. Crim. App. 2000).[1] Issue one is overruled.

*Conclusion*

Having overruled George's sole issue to this Court, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

---

[1] Even if this issue had been adequately briefed as to relevance, the error, if any, would be harmless. George was arrested with a significant amount of drugs in his possession. Scales and baggies were also located, which indicates distribution of drugs. George admitted that he had possessed a massive quantity of a base ingredient necessary to cook methamphetamine when he was convicted for the same offense as the instant case. This offense served as the basis for the enhancement paragraph to which George pled "true." The response to this question regarding the habits of methamphetamine addicts, without more, would be harmless. TEX. R. APP. P. 44.2(b).

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed February 16, 2011
Do not publish
[CRPM]