Opinion filed July 26,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00215-CR

                                                    __________

 

   KEVIN DWAYNE JEFFERSON
A/K/A KEVIN ROBERTS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 104th District Court

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No. 17519B

 



 

M E M O R A N D
U M   O P I N I O N

 

            The jury convicted Kevin Dwayne Jefferson a/k/a Kevin
Roberts of the offense of unlawful possession of a firearm by a felon.  The
jury found that two enhancement paragraphs were true, and it sentenced Jefferson
to seventy-five years confinement and a $2,500 fine.  On appeal, Jefferson challenges
the trial court’s amendment of the indictment after the trial on the merits and
the inclusion of the second enhancement paragraph of the indictment in the jury
charge.  He also contends that he was denied a fair trial. We affirm.




 

Background
Facts

            Jerrard
Sharp was driving through the alley behind his home late one night when he saw
a man holding a long arm rifle in one hand and a bottle in the other.  Sharp
had to swerve to miss the man, who was standing “square in [Sharp’s]
headlights.”  Sharp was able to maneuver around the man by driving though a
driveway.  He called 9-1-1, circled the block, and parked his car to wait for
the police.  Within a few minutes, police officers arrived, brought a man down
the stairs of an upstairs apartment, and arrested him.  Sharp identified the
man by his clothing, a red flannel coat and jeans, as the same person he had
seen in the alley.

            Officer
Christopher Herd responded to Sharp’s 9-1-1 call and was the first officer on
the scene.  Officer Herd searched the alley, and as he was returning to his
patrol car, he heard someone scream for help.  Officer Herd saw a woman on the
landing of a nearby apartment; he heard her screaming, “[G]et this man out of
my apartment.”  Then he saw a man stick his head out of the door of the
apartment.  Thinking that this was the same disturbance that he had been called
to investigate, Officer Herd aimed his weapon toward the man and ordered him to
come down the stairs.  Appellant came down the stairs and, on Officer Herd’s
command, knelt and lay down on the grass with his hands behind his back.

            Rosie
Tate testified that she encountered Appellant in the alley when she was on her
way home from a friend’s house.  Appellant demanded that Tate buy him a beer
and began calling her names and cursing at her when she refused.  He followed
Tate to her door, held something to her back that felt like a gun, and forced
his way into her apartment.  Once inside the apartment, Tate saw Appellant
place a shotgun on her bed.  The police arrived soon after and arrested
Appellant. The police retrieved a shotgun from the bed inside Tate’s
apartment.  The weapon contained two live rounds and one spent round.

            Wallace
McDaniel, a criminalist with the Abilene Police Department trained in
fingerprint identification, matched fingerprints taken from Appellant on the
day of trial with fingerprints found in a pen packet from a prior conviction
for burglary of a building. Officer McDaniel also testified at the trial
on punishment that Appellant’s fingerprints matched those in the pen packets of
two additional prior convictions alleged by the State for enhancement purposes.

            Appellant
testified that he was not wearing a red flannel shirt on the night in question,
that he was taking food to Tate, and that he did not have a gun.  On
cross-examination, Appellant admitted to the prior convictions but said that he
had not been convicted of attempted murder, only the lesser included offense of
aggravated assault.

Amendment
of The Indictment

            In
his first issue, Appellant contends that the trial court erred when it allowed,
over his objection, the amendment of the indictment after the trial had begun.  One
of the enhancement paragraphs in the indictment alleged that Appellant was
convicted of “attempted murder” in cause number 8405-B in the 104th District
Court of Taylor County, Texas, on September 19, 1985.  Appellant was charged
with attempted murder in that cause number, but was actually convicted of the
lesser included offense of aggravated assault.  All other information in the
indictment regarding this prior conviction was correct.  On July 23, 2010, the
State sent Appellant’s counsel a letter giving notice that, although the
indictment misstated the offense for which Appellant was convicted, the felony
conviction in that cause would be used for enhancement if there was a
conviction on the charges involved in this case.  The amendment was discussed
with the trial court at the beginning of the punishment phase.  The trial court
asked that the letter from the State to Appellant’s counsel be made part of the
court’s record.  During the punishment phase of the trial and over Appellant’s objection,
the trial court allowed the State to read the second enhancement paragraph as
amended to reflect that Appellant was convicted of aggravated assault.

            Appellant
argues on appeal that the trial court violated Article 28.10 of the Code of
Criminal Procedure.  Tex. Code Crim.
Proc. Ann. art. 28.10 (West 2006).  He did not make that objection to
the trial court.  As a prerequisite to presenting a complaint for appellate
review, the record must show that the complaint was made to the trial court by
a timely objection that stated the grounds for the ruling sought with
sufficient specificity to make the trial court aware of the complaint, unless
the specific grounds were apparent from the context. Tex. R. App. P. 33.1(a)(1).  Additionally, a party’s
“point of error on appeal must comport with the objection made at trial.”  Wilson
v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).  Appellant did not
present Article 28.10 as a basis for his objection at trial.  Counsel merely
stated, “We will object to it.”  The basis for the objection is not apparent
from the context of the discussion.  Just before his counsel objected to the
amendment of the enhancement paragraph, Appellant personally informed the court
that he would plead true to “that same Cause Number but with the conviction for
aggravated assault.”  Counsel did not clarify or correct Appellant before
offering a general objection without further discussion.  The trial court was
not put on notice of any basis for Appellant’s objection, nor was it given
notice that compliance with a specific statute was at issue.  We also note that
Appellant’s issue does not comport with his trial court objection. Defense
counsel failed to preserve the error for appeal.  See Rule 33.1(a)(1).

            Even
if Appellant had properly preserved the error for appeal, his argument would
fail. Any statutory error under Article 28.10 must be disregarded unless it
affected Appellant’s substantial rights.  See Tex. R. App. P. 44.2(b); Wright v. State, 28 S.W.3d
526, 531–32 (Tex. Crim. App. 2000).  Appellant’s substantial rights were not
affected in this case.  Appellant had notice for months prior to trial of the
correct cause number for the prior conviction, as well as the date and location
of the conviction.  He had ample time to locate the records associated with the
cause and to prepare his defense.  Several days prior to trial, the State gave Appellant
notice that it would seek to amend the indictment to reflect the proper
conviction.  In testimony during the guilt/innocence phase of the trial, Appellant
volunteered this testimony: “I was originally charged with attempted murder.
They found me not guilty of attempted murder and guilty of a lesser included
offense of aggravated assault.  That’s why I was complaining of the
indictment.” We hold that there was no error and that, even if there had been, Appellant
was not harmed.  The first issue on appeal is overruled.

Jury
Charge Error

            Appellant’s
second issue concerns the same enhancement paragraph of the indictment as we
discussed in connection with the first issue.  Appellant argues that the trial
court erred when it included the amended enhancement paragraph in the jury
charge at all.  When the trial court asked the State what it intended to do
about the enhancement paragraph as alleged in the indictment, the prosecutor
replied, “Abandon paragraph two, Your Honor, and I will ask the court to take
judicial notice of the letter notice given the defendant.”  Therefore, claims
Appellant, the State abandoned the enhancement paragraph made the subject of
this issue.  The letter, which the trial court had just finished summarizing,
was a notice sent by the State to Appellant several days prior to trial.  The
letter purports to memorialize prior discussions between the court and the
parties; it also gives written notice that the State intended to use as an
enhancement cause number 8405-B as modified to reflect the actual conviction of
aggravated assault.  It is true that the prosecutor used the word “abandon,”
but it is clear from the context of the discussion that the State intended to
“amend” the enhancement paragraph, not abandon it. This is how the trial court
interpreted the prosecutor’s statements, and in the ensuing discussion, the
trial court told the parties that the paragraph would be included in the charge
as amended. The State did not correct the trial court.  At that point, there
was no doubt that the State intended the paragraph to be amended, not
abandoned.  Appellant had the opportunity to object to the inclusion of the
conviction and did so.  Appellant’s second issue is overruled.

Fair
Trial

            In
Appellant’s third issue, he contends that the cumulative harm of the errors
complained of in Issues One and Two denied him a fair trial.  There is no
cumulative harm because there was no error.  We have also held that, even if the
trial court erred, there was no harm.  Therefore, appellant’s third issue is
without merit and is overruled.

The judgment of the trial court is affirmed.

 

 

                                                                                    ERIC
KALENAK

                                                                                    JUSTICE

 

July 26, 2012

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.