**Points of Error**

Appellant advances two points of error, both concerning evidentiary rulings. First, appellant complains that the trial court erred "when it admitted hearsay statements of the child through Nilima Mehta, a psychiatrist, for the purpose of medical diagnosis when the child did not have personal knowledge of the incident being reported." Second, on the same basis, appellant urges that the trial court erred in admitting hearsay statements of the child through William Lee Carter, a psychologist. The hearsay statements were similar in nature and referred to the same incident that was the basis of count III of the indictment.

**Background and Facts**

Appellant does not challenge the legal or factual sufficiency of the evidence to support his three convictions. The evidence makes clear that there are two incidents to be kept in mind. The incidents occurring on or about January 26, 2001, were the basis for the allegations underlying counts I and II of the indictment. M.R., the complainant, who was fifteen years old at the time, was drunk and "out of it." He had no real recollection of the incident that was described for the jury in some detail by his mother. The other incident, apparently occurring in May 1997, can be described as the "bathtub-shower" incident. It formed the basis of the allegations underlying count III of the indictment. M.R. testified as to this incident and was somewhat uncertain only as to whether appellant's penis, finger, or hand touched his bottom while they were in the shower. It is only this last described incident that is involved in the contentions urged by appellant in his points of error. M.R. did not relate the 2001 incidents to either the psychiatrist or the psychologist, as they later confirmed.

Adelita Ramirez, appellant's wife and mother of the complainant, M.R., detailed her long relationship with appellant. Sometime near the end of January or in the first week of February 2001, she came home one evening and found M.R. missing from her Austin apartment. Her search for him proved futile. The next morning between three or four o'clock, appellant and M.R. came to the apartment. Appellant was not living there at the time. Both were drunk. Adelita described M.R. as "stoned" and "bumping into walls." Adelita told M.R. to go to sleep in her bed with the three younger children. He did so. Appellant laid down on the living room couch. A little later, Adelita heard appellant get up. After a few minutes, Adelita began to investigate. She observed appellant squatting down beside the bed. M.R.'s pants had been pulled down and appellant had his left hand in M.R.'s buttocks. At the same time, appellant was masturbating himself with his right hand. Adelita kicked appellant over. She smelled his left hand which smelled like bowel movement. She began shaking M.R. and hitting him to awaken him. She asked if M.R. had not felt what his father was doing to him. M.R. mumbled and soon went back to sleep. An argument ensued between Adelita and appellant. He pulled the telephone jack from the wall so she could not use the telephone. About seven o'clock that morning, Adelita drove appellant to his sister's house.

Adelita did not report the incident to the police because M.R. told her that he would run away from home if she did. In April 2001, she decided that she did not want M.R. to run away or hurt himself. Knowing that there was an outstanding warrant of arrest for M.R., she called his juvenile probation officer and told him that M.R. was at home. The next morning, Adelita reported the incident she had observed to the police.

M.R. also testified. He was sixteen years of age at the time, and committed to the Texas Youth Council. He related his lengthy juvenile delinquency record including burglary, theft, and criminal trespass. He acknowledged his excessive use of alcohol and marihuana and stated that he had experimented with acid, cocaine, and embalming fluid. As to the incident described by his mother, M.R. explained that he had gone with appellant to the home of appellant's brother, Jerry, where they smoked marihuana and drank alcohol and became intoxicated. M.R. recalled that it was late when he got home and went to bed. He passed out and did not feel appellant touch him.

M.R. did testify that when he was about eleven or twelve years old, in 1997, that appellant would make him shower with appellant when both were naked; that this occurred five or six times when his mother was not at home, over his protests; and, that each time he would hurry and try to get out of the bathtub-shower.

When testifying about the shower incident, the basis of count III of the indictment, M.R. testified that appellant would stand behind him and wash his back; that once he felt "something on my bottom" which was appellant's penis or felt like appellant's "private." Later, he testified that he hurried to get out and did not turn around to look. It felt like a finger but it did not feel like a finger.[1] M.R. testified that he did not tell anyone about these shower incidents. He was embarrassed. In fact, he denied any sexual abuse when he talked to his probation officers and to a psychologist named Nelson.

---

[1] At one point, without objection, M.R. testified to another shower incident when appellant pulled him down on appellant's nude lap and he felt appellant's penis, although it was not erect.

4

With regard to the first point of error concerning the admission of hearsay testimony, we find that Dr. Nilima Mehta, a board-certified psychiatrist, who had practiced for fourteen years, was a State's witness. She had received her medical education in India. While employed by the Austin Child Guidance Center, Dr. Mehta reported that on April 25, 2001, M.R. was brought to her by his probation officer for an evaluation and treatment recommendations. His mother was also present.

During her direct examination, she made the following complained-of statement:

> During my individual interview with [M.R.], he told me -- he talks about his biological father hurting him and described the incident where dad would force him to stay in the bathtub and would wipe his back, and once he felt his private or his hand on his back. He denied any -- denies dad having anal intercourse.

The brief statement related only to the 1997 incident. At the conclusion of the evaluation, Dr. Mehta diagnosed M.R. with "adjustment disorder with mixed features of emotion and conduct." She prescribed Zoloft, an anti-depression drug. Dr. Mehta never saw M.R. again.

With regard to the second point of error involving the admission of hearsay testimony, we find that Dr. William Lee Carter, a licensed psychologist at the Cedar Crest Hospital and Residential Treatment Center in Belton, was a State's witness. His qualifications were not challenged. According to Dr. Carter, M.R. was placed at the aforesaid Center on May 9, 2001. It was during the direct examination of Dr. Carter about one of his sessions with M.R. that the complained-of testimony was elicited. The record reflects:

Q. And did you -- did he discuss the abuse by his father during this session?

A. Yes. Now, my notes indicated that for the two or three days prior to that -- I wrote that he had been in a steep emotional and behavioral decline, and he expressed feeling completely overwhelmed. He identified the greatest stressor in his life as being the effect of his father's sexual abuse -- sexual abuse of him, which was approximately three -- *three to four years prior to that*.

(Emphasis added).

It is obvious that the reference was to the 1997 incident. Dr. Carter noted that M.R. was not given to discussing details of any sexual abuse and he did not pressure M.R. to do otherwise. Dr. Carter, like Dr. Mehta, testified that M.R. did not mention to him the incident in January 2001.

## Discussion

To preserve error for appellate review, the complaining party must make a timely, specific objection and obtain a ruling. Tex. R. App. P. 33.1; *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). During Dr. Mehta's voir dire examination, appellant objected to her testimony on the basis of Rules 403, 404(b), 602, 803(1) and 803(4), Texas Rules of Evidence. The separate objections were overruled and appellant was not required to later repeat the objections before the jury. Tex. R. Evid. 103(a)(1). As to Dr. Carter's testimony, appellant asked generally to make the same objections earlier made. The trial court permitted and then overruled these objections.

Assuming the preservation of error on the grounds stated, we observe that both points of error seem to be an attempt to uniquely blend Rules of Evidence 602 and 803(4) while stressing that the child (M.R.) did not have personal knowledge of the 1997 incident "being reported" by the doctor-witnesses.

6

This attempt to blend Rules 602[2] and 803(4)[3] appears contrary to the record and the law. Rule 602, relating only to witnesses, is not directly applicable to the points of error raised. Appellant is not challenging the lack of personal knowledge by the witnesses, Doctors Carter and Mehta, but a declarant's out-of-court statements reported by the witnesses. Moreover, the record shows that when M.R. testified as a witness, he did not display a lack of personal knowledge about the 1997 shower incident, although his testimony may have been a little inconsistent as to what actually touched him.

It does not appear that the unique blend of rules theory was presented to the trial court at all. Certainly it was not with sufficient specificity to make the trial court aware of the objection.

---

[2] Rule 602 (Witness's Lack of Personal Knowledge) provides:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness. This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses.

Tex. R. Evid. 602.

[3] Rule 803(4) provides:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness.

> (4) **Statements for Purposes of Medical Diagnosis or Treatment.** Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

Tex. R. Evid. 803(4).

7

Tex. R. App. 33.1(a)(1)(A). A complaint on appeal must comport with the trial objection or nothing is presented for review. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *Fuller v. State*, 827 S.W.2d 919, 925 (Tex. Crim. App. 1992).

To reach the proper result here, we need not rely alone on the failure to preserve the error now urged. As noted, M.R. testified about the 1997 shower incident. In addition, prior to the testimony of Doctors Carter and Mehta, M.R. testified, without objection, that he related the 1997 incident to a psychiatrist ("a sort of Indian looking woman") (Dr. Mehta) and also to Dr. Carter in Belton.

The improper admission of evidence is not reversible error when substantially the same facts are proven by unobjected testimony. *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999); *Anderson v. State*, 717 S.W.2d 622, 626-27 (Tex. Crim. App. 1986); *Hitt v. State*, 53 S.W.3d 697, 708 (Tex. App.—Austin 2001, pet. ref'd); *Miranda v. State*, 813 S.W.2d 724, 739 (Tex. App.—San Antonio 1991, pet. ref'd). Thus, overruling an objection to evidence will not generally result in reversal when the same facts are received without objection, either before or after the complained-of ruling, and regardless of whether the other evidence was introduced by the defendant or the State. *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).

Under the circumstances, the trial court did not err in the admission of the testimony of the doctors of which appellant now complains. Appellant's lack of personal knowledge argument goes to the inconsistency of M.R.'s testimony as to what touched his "bottom" while he was in the shower during the 1997 incident. Moreover, the 1997 incident was the underlying basis for count

8

III of the indictment which charged indecency with a child by exposure not by contact. The points of error are overruled.

The judgments are affirmed.

_____

John F. Onion, Jr., Justice

Before Chief Justice Law, Justices Puryear and Onion[*]

Affirmed

Filed: February 5, 2004

Do Not Publish

[*]   Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).