NO. 07-09-00172-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 26, 2010

JIMMY J. GOBER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-421,987; HONORABLE CECIL G. PURYEAR, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Jimmy Joe Gober, was convicted by a jury of possession with intent to deliver a controlled substance, methamphetamine, in an amount of at least four grams or more but less than 200 grams.[1]   The jury further found that the offense was committed within a drug-free zone.[2]   Appellant was subsequently sentenced to confinement for 15 years in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ).  Appellant appeals the judgment alleging that the trial court

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Vernon Supp. 2009).

[2] See TEX. HEALTH & SAFETY CODE ANN. § 481.134(b) (Vernon Supp. 2009).

committed reversible error by allowing a co-defendant to invoke her Fifth Amendment privilege against self-incrimination in front of the jury. We affirm.

## Factual and Procedural Background

Prior to appellant's trial for the indicted offense, both the State and appellant requested a subpoena be issued for Gloria Flores. Flores had been indicted for the same offense as appellant. After the trial began, appellant's trial counsel indicated to the trial court that he had been informed by Flores's attorney that Flores would invoke her Fifth Amendment privilege to remain silent as to any questions regarding the offense for which appellant was on trial.[3] After so informing the trial court, trial counsel then requested that Flores be required to assert her Fifth Amendment privilege out of the jury's presence. The trial court overruled the request. The State then called Flores to the witness stand and proceeded to question her. After answering four questions regarding her name and other personal data, Flores asserted her Fifth Amendment privilege to the next 11 questions propounded to her by the State. Trial counsel never asserted an objection to these questions on the ground that Flores was being required to assert her Fifth Amendment privilege in front of the jury. Further, appellant's trial counsel never asserted any other objections to the questions asked, except as to the final question propounded by the State. That objection was to the leading nature of the last question asked by the State. After the State passed the witness, trial counsel asked three additional questions of Flores and she asserted her Fifth Amendment privilege as to each question.

---

[3] See U.S. CONST. amend. V.

2

The jury subsequently found appellant guilty of possession with intent to deliver a controlled substance, methamphetamine, of at least four grams or more but less than 200 grams. The jury also found that appellant's offense occurred in a drug-free zone. Appellant elected for the trial court to assess punishment and the court sentenced appellant to confinement for 15 years in the ID-TDCJ. It is from this judgment appellant appeals by a single issue. By his issue, appellant contends that the trial court committed reversible error by requiring Flores to assert her Fifth Amendment privilege in front of the jury. We disagree with appellant's argument and will affirm.

Preservation of Issue on Appeal

Initially, we address the State's contention that appellant failed to preserve his issue for appeal. The State contends that, since appellant did not object to each question that was asked of Flores and did not request a running objection or a hearing outside the presence of the jury, appellant has failed to preserve the issue for appeal. Our view of the record is consistent with the State's first two observations. Appellant did not object to the individual questions being asked of Flores and there was no request for a running objection. Martinez v. State, 98 S.W.3d 189, 193 (Tex.Crim.App. 2003). However, prior to Flores being questioned, appellant did raise an objection outside of the jury's presence to the State being allowed to question Flores when the State knew she would invoke her Fifth Amendment privilege. This is sufficient to preserve the matter on appeal because Texas Rule of Evidence 103 provides that objections to the admissibility of evidence made outside the presence of the jury shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of

3

repeating those objections. TEX. R. EVID. 103(a)(1); Haley v. State, 173 S.W.3d 510, 517 (Tex.Crim.App. 2005).

Even though we have found that the objection made by appellant did preserve the issue of whether the State could knowingly force Flores to assert her Fifth Amendment privilege in front of the jury, this does not end our inquiry into the area of preservation of issues for appeal. This is so because the State next contends that, even if the objection preserved error, the complaint on appeal does not comport with the objection made to the trial court. At trial, the exact objection stated by trial counsel was, "I would ask that that assertion of her Fifth Amendment privilege be made outside the presence of the jury because I don't think that it's proper for that to occur in the presence of the jury." In his brief, appellant urges that the action of the State in forcing Flores to invoke her Fifth Amendment privilege before the jury allowed the State to introduce inadmissible hearsay. However, such was not the objection made at trial. In fact, nothing in the record would advise the trial court that appellant is objecting to Flores's testimony based upon hearsay. Appellant's failure to specifically object to the hearsay nature of the questions results in the alleged error not being brought properly to the trial court's attention. Therefore, nothing regarding the alleged hearsay nature of the testimony is preserved for review. Wilson v. State, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002) (citing Thomas v. State, 723 S.W.2d 696, 700 (Tex.Crim.App. 1986)).

There, however, remains one complaint that appellant makes that could be said to comport with the trial objection made by appellant. Appellant contends that Flores's

refusal to answer questions could lead the jury to imply that all present at the scene possessed the drugs that were found there. Assuming that the general objection made does, in fact, cover this subject matter, there was later testimony from Charles Evans that identified all three suspects as being present when the drugs were in view. This testimony was not objected to. Therefore, the earlier objection is waived. Massey v. State, 933 S.W.2d 141, 149 (Tex.Crim.App. 1996).

Our review of the record leads us to conclude that appellant has failed to properly preserve for our review the various matters brought forward on appeal. Accordingly, appellant's single issue is overruled.

Conclusion

Having overruled appellant's sole issue, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice

Do not publish.

Pirtle, J., concurring.

5