**Opinion filed July 26, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00215-CR

_____

## KEVIN DWAYNE JEFFERSON A/K/A KEVIN ROBERTS, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 17519B**

## M E M O R A N D U M   O P I N I O N

The jury convicted Kevin Dwayne Jefferson a/k/a Kevin Roberts of the offense of unlawful possession of a firearm by a felon. The jury found that two enhancement paragraphs were true, and it sentenced Jefferson to seventy-five years confinement and a $2,500 fine. On appeal, Jefferson challenges the trial court's amendment of the indictment after the trial on the merits and the inclusion of the second enhancement paragraph of the indictment in the jury charge. He also contends that he was denied a fair trial. We affirm.

*Background Facts*

Jerrard Sharp was driving through the alley behind his home late one night when he saw a man holding a long arm rifle in one hand and a bottle in the other. Sharp had to swerve to miss the man, who was standing "square in [Sharp's] headlights." Sharp was able to maneuver around the man by driving though a driveway. He called 9-1-1, circled the block, and parked his car to wait for the police. Within a few minutes, police officers arrived, brought a man down the stairs of an upstairs apartment, and arrested him. Sharp identified the man by his clothing, a red flannel coat and jeans, as the same person he had seen in the alley.

Officer Christopher Herd responded to Sharp's 9-1-1 call and was the first officer on the scene. Officer Herd searched the alley, and as he was returning to his patrol car, he heard someone scream for help. Officer Herd saw a woman on the landing of a nearby apartment; he heard her screaming, "[G]et this man out of my apartment." Then he saw a man stick his head out of the door of the apartment. Thinking that this was the same disturbance that he had been called to investigate, Officer Herd aimed his weapon toward the man and ordered him to come down the stairs. Appellant came down the stairs and, on Officer Herd's command, knelt and lay down on the grass with his hands behind his back.

Rosie Tate testified that she encountered Appellant in the alley when she was on her way home from a friend's house. Appellant demanded that Tate buy him a beer and began calling her names and cursing at her when she refused. He followed Tate to her door, held something to her back that felt like a gun, and forced his way into her apartment. Once inside the apartment, Tate saw Appellant place a shotgun on her bed. The police arrived soon after and arrested Appellant. The police retrieved a shotgun from the bed inside Tate's apartment. The weapon contained two live rounds and one spent round.

Wallace McDaniel, a criminalist with the Abilene Police Department trained in fingerprint identification, matched fingerprints taken from Appellant on the day of trial with fingerprints found in a pen packet from a prior conviction for burglary of a building. Officer McDaniel also testified at the trial on punishment that Appellant's fingerprints matched those in the pen packets of two additional prior convictions alleged by the State for enhancement purposes.

Appellant testified that he was not wearing a red flannel shirt on the night in question, that he was taking food to Tate, and that he did not have a gun. On cross-examination, Appellant

admitted to the prior convictions but said that he had not been convicted of attempted murder, only the lesser included offense of aggravated assault.

*Amendment of The Indictment*

In his first issue, Appellant contends that the trial court erred when it allowed, over his objection, the amendment of the indictment after the trial had begun. One of the enhancement paragraphs in the indictment alleged that Appellant was convicted of "attempted murder" in cause number 8405-B in the 104th District Court of Taylor County, Texas, on September 19, 1985. Appellant was charged with attempted murder in that cause number, but was actually convicted of the lesser included offense of aggravated assault. All other information in the indictment regarding this prior conviction was correct. On July 23, 2010, the State sent Appellant's counsel a letter giving notice that, although the indictment misstated the offense for which Appellant was convicted, the felony conviction in that cause would be used for enhancement if there was a conviction on the charges involved in this case. The amendment was discussed with the trial court at the beginning of the punishment phase. The trial court asked that the letter from the State to Appellant's counsel be made part of the court's record. During the punishment phase of the trial and over Appellant's objection, the trial court allowed the State to read the second enhancement paragraph as amended to reflect that Appellant was convicted of aggravated assault.

Appellant argues on appeal that the trial court violated Article 28.10 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 28.10 (West 2006). He did not make that objection to the trial court. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely objection that stated the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. Tex. R. App. P. 33.1(a)(1). Additionally, a party's "point of error on appeal must comport with the objection made at trial." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Appellant did not present Article 28.10 as a basis for his objection at trial. Counsel merely stated, "We will object to it." The basis for the objection is not apparent from the context of the discussion. Just before his counsel objected to the amendment of the enhancement paragraph, Appellant personally informed the court that he would plead true to "that same Cause Number but with the conviction for aggravated assault." Counsel did not clarify or correct Appellant

before offering a general objection without further discussion. The trial court was not put on notice of any basis for Appellant's objection, nor was it given notice that compliance with a specific statute was at issue. We also note that Appellant's issue does not comport with his trial court objection. Defense counsel failed to preserve the error for appeal. *See* Rule 33.1(a)(1).

Even if Appellant had properly preserved the error for appeal, his argument would fail. Any statutory error under Article 28.10 must be disregarded unless it affected Appellant's substantial rights. *See* TEX. R. APP. P. 44.2(b); *Wright v. State*, 28 S.W.3d 526, 531–32 (Tex. Crim. App. 2000). Appellant's substantial rights were not affected in this case. Appellant had notice for months prior to trial of the correct cause number for the prior conviction, as well as the date and location of the conviction. He had ample time to locate the records associated with the cause and to prepare his defense. Several days prior to trial, the State gave Appellant notice that it would seek to amend the indictment to reflect the proper conviction. In testimony during the guilt/innocence phase of the trial, Appellant volunteered this testimony: "I was originally charged with attempted murder. They found me not guilty of attempted murder and guilty of a lesser included offense of aggravated assault. That's why I was complaining of the indictment." We hold that there was no error and that, even if there had been, Appellant was not harmed. The first issue on appeal is overruled.

*Jury Charge Error*

Appellant's second issue concerns the same enhancement paragraph of the indictment as we discussed in connection with the first issue. Appellant argues that the trial court erred when it included the amended enhancement paragraph in the jury charge at all. When the trial court asked the State what it intended to do about the enhancement paragraph as alleged in the indictment, the prosecutor replied, "Abandon paragraph two, Your Honor, and I will ask the court to take judicial notice of the letter notice given the defendant." Therefore, claims Appellant, the State abandoned the enhancement paragraph made the subject of this issue. The letter, which the trial court had just finished summarizing, was a notice sent by the State to Appellant several days prior to trial. The letter purports to memorialize prior discussions between the court and the parties; it also gives written notice that the State intended to use as an enhancement cause number 8405-B as modified to reflect the actual conviction of aggravated assault. It is true that the prosecutor used the word "abandon," but it is clear from the context of the discussion that the State intended to "amend" the enhancement paragraph, not abandon it.

4

This is how the trial court interpreted the prosecutor's statements, and in the ensuing discussion, the trial court told the parties that the paragraph would be included in the charge as amended. The State did not correct the trial court. At that point, there was no doubt that the State intended the paragraph to be amended, not abandoned. Appellant had the opportunity to object to the inclusion of the conviction and did so. Appellant's second issue is overruled.

*Fair Trial*

In Appellant's third issue, he contends that the cumulative harm of the errors complained of in Issues One and Two denied him a fair trial. There is no cumulative harm because there was no error. We have also held that, even if the trial court erred, there was no harm. Therefore, appellant's third issue is without merit and is overruled.

The judgment of the trial court is affirmed.


ERIC KALENAK

JUSTICE


July 26, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.