COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|   |   |   |
|---|---|---|
| RAFAEL GONZALEZ, | § | No. 08-11-00375-CR |
| Appellant, | § | Appeal from |
| v. | § | 120th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC # 20110D02360) |
|   | § |   |

## **O P I N I O N**

Rafael Gonzalez appeald his conviction of aggravated sexual assault of a child. A jury found Appellant guilty and assessed his punishment at a fine of $2,500 and imprisonment for a term of thirty years. For the reasons that follow, we affirm.

### FACTUAL SUMMARY

In September or October of 2006, Appellant began babysitting four-year-old H.R. while the child's mother was at work. He continued to watch him until late March or early April of 2007. Four years later, in April 2011, H.R. made an outcry to his mother, R.C. He asked her whether she had seen Appellant and R.C. replied that she had not seen him since he stopped taking care of H.R. After confirming that R.C. had not seen Appellant, H.R. asked her whether Appellant had harmed her. R.C. asked H.R. what he meant and H.R. told her that Appellant had made him "kiss" Appellant's private part. She described H.R. as sad and "like he was feeling

nauseous about it."  R.C. filed a police report.

Joe Zimmerly, a forensic interviewer with the El Paso Child Advocacy Center, interviewed H.R.  Detective Randy Serna of the El Paso Police Department investigated the allegations and observed Zimmerly's interview of the child.  Serna also took a statement from H.R.'s mother.  Serna later went to Appellant's apartment and spoke with him to determine if he was willing to give a statement.  Appellant agreed to meet with him.  Appellant and his wife drove their own vehicle to the police station.  Serna conducted the interview in Spanish.  At the beginning of the interview, Serna told Appellant that he was a suspect, but he did not have to speak with officers and he could leave.  Serna told Appellant that since he was a suspect, he had rights.  He provided Appellant with a *Miranda* card[1] which contained the warnings in both English and Spanish.  Appellant read the warnings in Spanish and told Serna he understood them.  Serna asked Appellant if he wanted to talk to him and Appellant replied that he did.  Appellant then signed and dated the *Miranda* card.  He admitted babysitting H.R., denied ever being alone with the child, and claimed that his wife was always present.  Appellant also denied the child's allegations.

At trial, nine-year-old H.R. testified that he had told his mother about the "mean man" who had "[done] something disgusting" to him.  The boy said that the man had made him kiss his "private part" and this had happened "a lot of times."  Appellant's wife was at work when this happened.  H.R. did not tell anyone what the man had done because he had threatened to do something bad to H.R.'s mother if he told anyone.  H.R. identified Appellant as the man who had made him put his mouth on Appellant's "private part."

## ADMISSION OF VIDEO-RECORDED STATEMENT

In Issue One, Appellant contends that the trial court erred by admitting his video-

---

[1]  *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

recorded statement because the State failed to prove that he voluntarily waived his constitutional rights as required by Article 38.22 of the Texas Code of Criminal Procedure. The State argues that it was not required to establish compliance with Article 38.22 or *Miranda* because the statement was not the product of custodial interrogation.

Article 38.22 of the Texas Code of Criminal Procedure prohibits the admission of an accused's statement resulting from a custodial interrogation unless he was advised of his *Miranda* rights and voluntarily waived those rights. TEX.CODE CRIM.PROC.ANN. art. 38.22, §§ 2(a), 2(b), 3(a)(2)(West 2005); *see Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *see also Herrera v. State*, 241 S.W.3d 520, 526 (Tex.Crim.App. 2007)("Our construction of 'custody' for purposes of Article 38.22 is consistent with the meaning of 'custody' for purposes of Miranda."). Custodial interrogation is "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444, 86 S.Ct. at 1612. *Miranda* warnings are not required simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect. *Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 714, 50 L.Ed.2d 714 (1977). The warnings required by Article 38.22 and *Miranda* only apply when a suspect is in custody. *See Herrera*, 241 S.W.3d at 526.

A person is "in custody" if, under the circumstances, a reasonable person would believe his freedom of movement was restrained to the degree associated with a formal arrest. *Stansbury v. California*, 511 U.S. 318, 322-24, 114 S.Ct. 1526, 1528-30, 128 L.Ed.2d 293 (1994); *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex.Crim.App. 1996). In evaluating whether a reasonable person would believe his freedom has been restrained to the degree of a formal arrest, we are to look only to the objective facts surrounding the detention. *State v. Ortiz*, 382 S.W.3d 367, 372

(Tex.Crim.App. 2012). We do not consider the subjective views harbored by either the interrogating officers of the person being questioned. *Stansbury*, 511 U.S. at 323, 114 S.Ct. at 1529. The subjective intent of law enforcement officials to arrest is irrelevant unless that intent is somehow communicated or otherwise manifested to the suspect. *Dowthitt*, 931 S.W.2d at 254, *citing Stansbury v. California*, 511 U.S. at 318, 114 S.Ct. at 1530, 128 L.Ed.2d at 300. Any undisclosed subjective belief of the suspect that he is guilty of an offense should not be taken into consideration--the reasonable person standard presupposes an innocent person. *Ortiz*, 382 S.W.3d at 373; *see Dowthitt*, 931 S.W.2d at 254, *citing Florida v. Bostick*, 501 U.S. 429, 438, 111 S.Ct. 2382, 2388, 115 L.Ed.2d 389 (1991).

There are four general situations that may constitute custody for purposes of *Miranda* and Article 38.22: (1) the accused is physically deprived of her freedom of action in a significant way; (2) a police officer tells the accused she is not free to leave; (3) police officers create a situation that would lead a reasonable person to believe that her freedom of movement has been significantly restricted; and (4) there is probable cause to arrest the accused, and police officers do not tell her that she is free to leave. *Gardner v. State*, 306 S.W.3d 274, 294 (Tex.Crim.App. 2009). Appellant voluntarily went to the police station in his own vehicle and he was not physically deprived of his freedom. Detective Serna told Appellant he was free to leave and did not have to speak with him. Serna also told Appellant he was a suspect, but being the focus of an investigation does not necessarily render a person in custody for purposes of receiving *Miranda* warnings or those required under Article 38.22 of the Code of Criminal Procedure. *Gardner*, 306 S.W.3d at 293. Finally, Appellant was allowed to return home at the conclusion of the interview. Under the totality of the circumstances, a reasonable person would not have believed his freedom had been restrained to the degree of a formal arrest. We hold that Appellant was not

in custody for purposes of *Miranda* or Article 38.22. *See e.g.*, *California v. Beheler*, 463 U.S. 1121, 1122-25, 103 S.Ct. 3517, 3519-20, 77 L.Ed.2d 1275 (1983)(holding that *Miranda* warnings were not required where defendant, although a suspect in a murder case, voluntarily came to the police station, was told he was not under arrest, gave statement after questioning for approximately thirty minutes, and was then allowed to return home); *Oregon v. Mathiason*, 429 U.S. 492, 493-95, 97 S.Ct. 711, 714, 50 L.Ed.2d 714 (1977)(defendant was not in custody when defendant voluntarily came to police station at police officer's request, was informed he was not under arrest, was questioned for thirty minutes, and was allowed to leave the police station after giving his statement); *Estrada v. State*, 313 S.W.3d 274, 289-95 (Tex.Crim.App. 2010)(defendant was not in custody where he voluntarily rode with police to the police station, police told him he was a suspect but was not under arrest, told him several times he was free to leave, told defendant he did not have to speak with police, the police questioned him for five hours, and defendant returned home after giving his statement). We overrule Issue One.

### ADMISSION OF EXTRANEOUS OFFENSE

In Issue Two, Appellant complains that the trial court abused its discretion by admitting evidence that Appellant had been in a Mexican police station because it amounted to evidence of an extraneous offense. The State responds that Appellant waived this issue because he did not object on this basis in the trial court.

### *Preservation of Error*

To preserve a complaint for appellate review, the complaining party must show that the complaint was made to the trial court, by a timely request, objection, or motion that stated the grounds for the ruling with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX.R.APP.P. 33.1(a)(1)(A). The

record must also show that the trial court ruled on the request, objection, or motion, either expressly or implicitly. TEX.R.APP.P. 33.1(a)(2)(A). Further, the argument raised on appeal must comport with the objection made at trial or it is waived. *Wilson v. State*, 71 S.W.3d 346, 348 (Tex.Crim.App. 2002).

Appellant told Detective Serna that he was never alone with H.R. because his wife was always present as she was not working at the time. But Appellant's wife testified that she was working at West Telemarketing in 2006 and 2007. She normally worked from 7 a.m. until 3:30 p.m., Monday through Friday. When she was at work, Appellant would stay with H.R.

Appellant testified at trial and explained that he was nervous when he gave his video statement. He did not intend to lie but made a mistake when he told the detective that he was never alone with H.R. because his wife did not work at the time. When asked why he was so nervous, Appellant stated that he had never been to a police station. In a hearing outside of the jury's presence, the State argued that Appellant had opened the door to rebuttal evidence that he had previously been in a police station in Mexico. The trial court determined that Appellant had opened the door and permitted the State to cross-examine Appellant on that subject. Appellant admitted that he had been in a Mexican police station, but denied committing any crime in Mexico.

During the hearing outside of the jury's presence, Appellant did not object on the basis of Rule 404(b) or otherwise object to admission of this evidence on the ground that it was an extraneous offense. Likewise, he did not raise an extraneous offense objection when the State engaged Appellant in limited cross-examination on this subject. Consequently, he failed to preserve the issue raised on appeal. We overrule Issue Two and affirm the judgment of the trial court.

October 30, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)