**AFFIRMED and Opinion Filed July 29, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-18-01247-CR
_____

**RUSTY LYLE WHITE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 78th District Court**
**Wichita County, Texas**
**Trial Court Cause No. 59,739-B**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Pedersen, III

Appellant Rusty Lyle White was charged with two counts of aggravated sexual assault of a child and two counts of indecency with a child by contact. He signed a written judicial confession with respect to each of the charges, and pled guilty before the trial court without an agreement on punishment. The trial court accepted appellant's pleas of guilty, and found him guilty of each count. After a bench trial on punishment, the court sentenced appellant to confinement for life for each of the two counts of aggravated sexual assault of a child, and to twenty years' confinement for each of the two counts of indecency with a child by contact. In one issue, appellant argues that the trial court erred by admitting hearsay evidence that he had sexually assaulted his sisters when they were children. We affirm the trial court's judgment.

# I. BACKGROUND

The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Appellant judicially confessed and pled guilty to committing sexual offenses against his two stepdaughters, E.R. and A.W. At the time of the offenses, E.R. was 8 years old and A.W. was 5 years old.

The trial court conducted a bench trial to hear evidence in the punishment phase of appellant's trial. According to the record, the State gave appellant written notice of its intent to introduce evidence of prior bad acts, including appellant's sexual abuse of his sisters when they were children. Defense counsel called several witnesses to testify as to appellant's good character, including his mother, Nina Bruce. On cross-examination of Bruce, the State asked if her daughter had ever told her that appellant had sexually abused her and her sister as children. Defense counsel raised hearsay objections to several, but not all, of the State's questions on this topic. At the close of evidence, the trial court sentenced appellant to confinement for life for each of the counts of aggravated sexual assault of a child, and to twenty years' confinement for each of the counts of indecency with a child by contact. This appeal followed.[1]

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We examine a trial court's decision to admit or exclude evidence for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Id*. at 83. We uphold the trial court's ruling if it is reasonably supported by the evidence and is correct under any theory of law applicable to the case. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

---

[1] This appeal was originally filed in the Second Court of Appeals of Texas in Fort Worth. It was transferred to this Court by the Texas Supreme Court pursuant to a September 26, 2018 docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001.

Hearsay is a statement, other than one made by the declarant testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Hearsay statements are generally not admissible unless the statement falls within a recognized exception to the hearsay rule. TEX. R. EVID. 802. However, a witness who testifies to a defendant's good character may be cross-examined to test the witness's awareness of specific instances of conduct that rebut the character opinion, even if the specific instances of conduct are based on out-of-court statements made to the character witness. *See* TEX. R. EVID. 405(a); *see also Wilson v. State*, 71 S.W.3d 346, 350 (Tex. Crim. App. 2002); *Lopez v. State*, No. 05-11-01333-CR, 2013 WL 2145962, at *3 (Tex. App.—Dallas Jan. 3, 2013, no pet.) (not designated for publication).

### III. ANALYSIS

In one issue on appeal, appellant argues that the trial court erred by admitting hearsay evidence that he had sexually assaulted his sisters when they were children. He further argues the maximum sentences assessed against him are evidence that this error was not harmless.

The "Argument" section of appellant's brief consists of four conclusory sentences without any supporting argument or authority. Appellant refers to one rule of evidence, stating that Bruce's testimony "is hearsay testimony which is prohibited by Rule 802 of the Texas Rules of Evidence." He cites to several lines on three consecutive pages of the reporter's record in which the trial court pronounced judgment against appellant and assessed his sentence. However, appellant does not cite to any authorities, or make any argument, in support of his conclusory statements that: (1) Bruce's testimony was hearsay; (2) no hearsay exception applies; (3) the trial court erred by admitting Bruce's testimony; and (4) the error was not harmless.

Rule 38.1(i) of the Texas Rules of Appellate Procedure requires that appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Appellant's sole issue is inadequately

briefed. *See Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000) ("In failing to provide any relevant authority . . . we find the issue to be inadequately briefed."); *Ford v. State*, No. 02-14-00148-CR, 2015 WL 1868866, at *3 (Tex. App.—Fort Worth April 23, 2015, pet. ref'd) (mem. op., not designated for publication).

Even if appellant's issue had been adequately briefed, he failed to preserve error for our review. During the trial, defense counsel called Nina Bruce, appellant's mother, to testify about her son's good character. She described appellant as a hard worker, always dependable, and always helpful to his family. She stated that when he was a child, he was a good student and volunteered a lot.

During the State's cross-examination, Bruce stated that when she first heard about White's arrest, she did not believe that he had committed the charged offenses. Even when confronted with White's judicial confession, she stated that it was hard for her to believe that something like that happened. The prosecutor then asked Bruce if anyone ever told her that White had sexually abused them. Defense counsel objected on the basis of hearsay, and the trial court overruled the objection. When Bruce answered "no," the prosecutor asked her if her daughter ever told her that White sexually abused her when she was a small child. Defense counsel did not object to that question, and Bruce again answered "no." The following exchange took place:

STATE:      Did someone tell you that [your daughters] were sexually abused?

BRUCE:      Yes

STATE:      Who told you that?

BRUCE:      My other daughter

Although appellant now argues that the trial court erred in admitting this hearsay testimony by Bruce regarding out-of-court statements made to her by one of her daughters, the record clearly

demonstrates that appellant failed to raise an objection to the trial court each time this topic was raised.

Before presenting a complaint for appellate review, the record must show that (i) it was made to the trial court by a timely request that made the court aware of the grounds for the requested ruling, and (ii) the trial court ruled or refused to rule on the request. TEX. R. APP. P. 33.1(a)(1). Further, the party objecting must object each time inadmissible evidence is offered unless a party obtains a running objection or, in a jury trial, the party request a hearing outside the presence of the jury. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). Unless one of those exceptions applies, a trial court's erroneous admission of evidence will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling. *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *McNatt v. State*, No. 02-10-00043-CR, 2011 WL 4712002, at *1 (Tex. App.—Fort Worth Oct. 6, 2011, no pet.) (mem. op., not designated for publication). The record establishes that appellant did not obtain a running objection. Therefore, by not objecting every time the State asked Bruce if someone had told her that appellant had sexually abused her daughters, appellant failed to preserve this error for our review.

## IV. CONCLUSION

Not only was appellant's issue inadequately briefed, but he also failed to preserve error for our review. Appellant's sole issue is overruled. We affirm the trial court's judgment.

/Bill Pedersen, III/
_____
BILL PEDERSEN. III
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
181247F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

RUSTY LYLE WHITE, Appellant

No. 05-18-01247-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 78th District Court, Wichita County, Texas
Trial Court Cause No. 59,739-B.
Opinion delivered by Justice Pedersen, III.
Justices Whitehill and Partida-Kipness participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 29, 2019