**Affirmed and Memorandum Opinion filed May 4, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00952-CR

### KENNETH JONES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 1547641**

### MEMORANDUM OPINION

In this appeal from a conviction for capital murder, appellant argues in two issues that the trial court abused its discretion by excluding evidence of the complainants' criminal histories and by overruling a defense objection to the prosecutor's improper closing statement. For the reasons given below, we overrule both of these issues and affirm the trial court's judgment.

## BACKGROUND

Because the details of the offense are largely unnecessary to understanding the issues on appeal, we recite only these core facts: There was a verbal dispute between multiple parties, and the dispute erupted into a shooting where many were injured and two were killed. Appellant admitted that he was one of the shooters, but he claimed that he acted in self-defense because one of the complainants had shot at him first. The jury rejected that claim and convicted him of capital murder. Because the prosecution did not seek the death penalty, the trial court imposed an automatic sentence of life without parole.

## EXCLUSION OF EVIDENCE

After the prosecution rested its case-in-chief, defense counsel recalled the lead detective for the prosecution and asked him whether he had considered self-defense in his investigation. The detective responded that he had considered self-defense, but he said that he ultimately rejected that defense because he opined that there was no evidence to support it. When defense counsel replied by asking whether the detective had investigated the criminal histories of the two complainants, the prosecution objected and requested a hearing outside the presence of the jury, which the trial court granted.

The hearing was brief, and we reproduce the entirety of its testimony here:

Q. Did you investigate the criminal history of the two decedents?
A. Yes.
Q. What did you find?
A. I know they did have criminal history.
Q. Were they felonies?
A. I'd have to look at it again to say so. I believe I do remember seeing at least one or two felonies. I do not remember which one belonged to which.

2

Q. And in terms of investigating both parties, the purpose of looking at their criminal backgrounds would be to help you determine who was the aggressor in the gunfight, correct?

A. No, I don't agree with that.

Q. So if one side—you have a couple of nuns and the other side you have some gang members, that wouldn't help you determine who was the first aggressor?

A. It can, but it's not always that way, sir. I can't—I cannot determine who was the aggressor from their criminal history because there's been numerous times where a person that is a non-violent person was the aggressor, and vice versa, there was a person that has a violent history and was the aggressor. I can't use—just like here, we can't talk about someone's criminal history, and I can't do the same in any investigation, say, well, that's them, so I'm going to go ahead and put it on them. I mean, in this situation, everyone involved had a criminal history.

Q. And well you said that—I'm sorry. You did investigate their criminal history. You found it was not useful in your investigation?

A. I wouldn't say—I cannot use it as saying, okay, this person is going to be guilty, or this person is the one that did it. It's a tool.

Q. I'm not asking you whether you're going to make conclusions just on that evidence. I'm asking you would it assist you in your investigation to determine the criminal history of the parties involved?

A. Yes, and that's why I researched it on all parties involved.

Defense counsel did not develop any additional evidence about the complainants' criminal histories, and the prosecution did not ask any follow-up questions. The hearing proceeded to argument, where defense counsel explained that the proffered testimony was admissible because it would help the jury in determining "who was the good guy and who was the bad guy." The prosecution countered that the testimony was "plainly inadmissible." The trial court agreed with the prosecution and ruled that the testimony would not be admitted.

3

Appellant now challenges the trial court's ruling, which we review for an abuse of discretion. *See Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).

Appellant's argument in this court primarily invokes the rule that a homicide defendant who claims self-defense may introduce evidence of the complainant's violent bad acts to show that the defendant's fear of danger was reasonable or that the complainant was the first aggressor. *See Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). But the problem with this argument is that appellant did not establish in the trial court that either of the two complainants had committed any crimes of violence. The testimony from the detective merely established that the complainants had been convicted of felonies. There was no indication whether those felonies were for violent offenses (such as assault or murder) or for nonviolent offenses (such as possession of drugs).

Appellant suggests in his brief that the offenses must have been violent because "the State did not argue that there were no violent priors from the complainants' criminal histories." But as the proponent of the evidence, appellant had the burden of showing that the felonies were violent and relevant. *See Henley v. State*, 493 S.W.3d 77, 83 (Tex. Crim. App. 2016) ("A defendant has a fundamental right to present evidence of a defense as long as the evidence is relevant and is not excluded by an established evidentiary rule."); *Chambers v. State*, 866 S.W.2d 9, 26–27 (Tex. Crim. App. 1993) ("The burden of showing the relevance of particular evidence . . . rests on its proponent."). Because appellant did not satisfy that burden, the trial court could have reasonably determined that the proffered testimony was not relevant to the claim of self-defense. We therefore conclude that the trial court did not abuse its discretion by excluding the testimony of the complainants' criminal histories.

# CLOSING STATEMENTS

The prosecution began its closing statement by advising the jury that the charge must contain an instruction on every issue raised by the evidence, no matter how slight: "So just because you see something included in the charge does not mean that it's some big issue, or the case is more complex than you thought it was when you saw it."

The prosecution then turned to the self-defense instructions, with a focus on the presumption of reasonableness. The charge correctly sort forth the presumption in the following terms:

> A person's belief that deadly force was immediately necessary is presumed to be reasonable if the person:
>
> (1) knew or had reason to believe that the other person against whom the force was used:
>
>> (a) unlawfully and with force entered, or was attempting to enter unlawfully and with force, the person's habitation, vehicle, or place of business or employment; or
>>
>> (b) unlawfully and with force removed, or was attempting to remove unlawfully and with force, the person from his habitation, vehicle, or place of business or employment; or
>>
>> (c) was committing or attempting to commit aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery;
>
> (2) did not provoke the other person against whom the force was used; and
>
> (3) was not otherwise engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic at the time the force was used.

The prosecution told the jury, "You can just go ahead and just cross this one off." The prosecution explained that subsection (1)(a) did not apply because this case

5

did not involve a burglary. Similarly, the prosecution explained that subsection (1)(b) did not apply because there was no attempt to remove or kidnap anyone. As for subsection (1)(c), the prosecution asserted summarily that it did not apply.

The prosecution then turned to subsection (2) and argued that the presumption "is gone" because there was provocation. Even if the jury did not agree that there was provocation, the prosecution urged the jury to reject the presumption because of subsection (3): "So the defendant has admitted that he was a felon. He's admitted that he was possessing a firearm; he had taken it to his niece's—"

Defense counsel interjected at that point: "Your Honor, I'm going to object to that. It's improper jury argument, improper statement of law. His possession of the firearm as a felon would be subsumed by the actual charge of capital murder." The trial court overruled the objection and granted a running objection.

Appellant now challenges the trial court's ruling, which we review for an abuse of discretion. *See Milton v. State*, 572 S.W.3d 234, 241 (Tex. Crim. App. 2019).

Appellant contends that the prosecution's argument was improper because it urged the jury to ignore the charge. The State responds that appellant did not preserve error as to this argument. We agree with the State.

To preserve error for appellate review, a party must make a timely and specific objection in the trial court and obtain an adverse ruling. *See* Tex. R. App. P. 33.1(a). Furthermore, the complaint on appeal must comport with the objection made during the trial. *See Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

Here, the appellate complaint does not comport with the trial objection. Defense counsel objected on the ground that appellant's possession of a firearm was "subsumed by the actual charge of capital murder." Counsel did not object on the

6

ground that the prosecution had encouraged the jury to ignore the charge. Therefore, we conclude that this appellate complaint has not been preserved.[1]

## CONCLUSION

The trial court's judgment is affirmed.


/s/      Tracy Christopher
         Chief Justice


Panel consists of Chief Justice Christopher and Justices Spain and Wilson.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] Appellant's brief contains one additional argument that the prosecutor improperly said, "If fear is in the room, consent is not." But these words do not appear anywhere in our record. Appellant's argument seems to have been copied erroneously from a brief in another appeal. *See* Brief of Appellant, *Gardezi v. State*, No. 14-18-00077-CR, 2019 WL 6485095 (filed Nov. 25, 2019). We express no opinion as to the merits of that separate appeal, which is still pending in our court.