**Affirmed and Majority and Concurring Opinions filed July 18, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00622-CR

### MARVIN DAYVON BROWN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 1554409**

## C O N C U R R I N G   O P I N I O N

I join the court's judgment but not its opinion.  The majority assumes, without deciding, that appellant preserved error on his second issue and that the trial court erred.[1]  The majority concludes that any error was harmless.  Because appellant failed to preserve error as to the complaint in his second issue, the more expeditious course would be to overrule the second issue on that basis.

---

[1] *Ante* at 15–16.

Presuming for the sake of argument that appellant obtained an implicit ruling from the trial court, appellant did not raise in the court below the objection he now raises on appeal.[2] Appellant did not complain in the trial court that it was improper for Officer Barnes to express an opinion regarding appellant's credibility. Instead, appellant stated his objection as "speculation" and "it invades the province of the jury." Neither complaint is the same as complaining that Officer Barnes was improperly expressing an opinion regarding appellant's credibility. In addition, the Court of Criminal Appeals has held that "it invades the province of the jury" is no longer a valid objection to expert testimony.[3]

Because appellant failed to preserve error as to his second issue, he is not entitled to appellate review of that point.


/s/     Kem Thompson Frost
        Chief Justice


Panel consists of Chief Justice Frost and Justices Zimmerer and Hassan (Hassan, J., Majority).

Publish — Tex. R. App. 47.2(b)

---

[2] *Wilson v. State,* 71 S.W.3d 346, 349–50 (Tex. Crim. App. 2002).

[3] *Ortiz v. State,* 834 S.W.2d 343, 348 (Tex. Crim. App. 1992) ("invading the province of the jury" no longer valid objection to opinion testimony).